566 So.2d 906 (1990)
DELOITTE, HASKINS AND SELLS, a New York Partnership, Petitioner,
v.
SOUTHERN FINANCIAL HOLDING CORP., Respondent.
No. 90-1412.
District Court of Appeal of Florida, Fourth District.
September 12, 1990.
M. Blair Sibley of Davis Markel & Edwards, Miami, for petitioner.
Mikel D. Greene of Boose Casey Ciklin Lubitz Martens McBane & O'Connell, West Palm Beach, for respondent.
PER CURIAM.
Certiorari is granted as to that portion of the April 30, 1990, order which requires discovery of financial records and working papers in petitioner's possession on behalf of its client Central Savings and Loan Association, and that portion of the order is quashed. To obtain access to these materials, respondent must make out a prima facie case that Central used the accountant-client relationship to promote intended or actual fraud or demonstrate that Central has waived its privilege.
Certiorari is granted as to that portion of the April 30, 1990, order which grants discovery of petitioner's records on behalf of its client First Venice Savings and Loan Association, and that portion of the order is quashed. Such records may not be discovered unless First Venice is shown to have waived its accountant-client privilege or there is presented prima facie evidence that First Venice used its relationship with the petitioner to promote an intended or actual fraud.
Certiorari is also granted as to that portion of the April 30, 1990, order which grants discovery of petitioner's employment agreement or other documents setting forth petitioner's relationship to its client Central Savings and Loan, as this material may reflect trade secrets of the petitioner. This portion of the order is also quashed. The trial court is directed to inspect the subject material in camera and to apply the provisions of section 90.506, of the Florida Statutes.
*907 The petition is denied insofar as it seeks review of the trial court's order of May 1, 1990, which denies petitioner's motion to dismiss the complaint, and insofar as it seeks to quash that part of the trial court's order of April 30, 1990, which requires discovery of error and loss insurance information, without prejudice to petitioner to raise such issue on final appeal.
Finally, respondent's motion to strike and for sanctions is denied.
ANSTEAD, STONE and WARNER, JJ., concur.