684 So.2d 297 (1996)
THE HASKELL COMPANY, Petitioner,
v.
GEORGIA PACIFIC CORPORATION, etc., et al., Respondents.
No. 96-2880.
District Court of Appeal of Florida, Fifth District.
December 13, 1996.
David M. Wells and Devin J. Reed of Mahoney, Adams & Criser, P.A., Jacksonville, for Petitioner.
John J. Pappas and Alan K. Cooper of Butler, Burnette & Pappas, Tampa, for Respondents.
COBB, Judge.
Petitioner, The Haskell Company, seeks certiorari review of an order reopening the deposition of one of its corporate employees. The deponent admitted that during a recess he discussed his testimony with counsel. *298 The trial court granted respondents' motion to reopen the deposition, so that respondents could examine the deponent regarding his discussion with counsel. The court found that this discussion was not protected by the attorney-client privilege.
An order compelling disclosure of privileged communications is reviewable by certiorari. See Shell Oil Co. v. Par Four Partnership, 638 So.2d 1050 (Fla. 5th DCA 1994). The attorney-client privilege in Florida as codified by statute applies to the contents of confidential communications between a lawyer and a client made in the rendition of legal services which are not intended to be disclosed to third persons. See §§ 90.502(1) and (2), Fla. Stat. (1995). These confidential communications are not discoverable unless one of the statutory exceptions to the privilege is applicable. See § 90.502(4), Fla. Stat. (1995). When a privilege is facially apparent, the burden is on the party seeking disclosure to show that the privilege does not apply. See Shell Oil Co. v. Par Four Partnership, supra.
There is no recognized exception to the privilege for a communication between an attorney and client which occurs during a break in deposition. If a deponent changes his testimony after consulting with his attorney, the fact of the consultation may be brought out, but the substance of the communication generally is protected. See Feltner v. Internationale Nederlanden Bank, 622 So.2d 123 (Fla. 4th DCA 1993). We recognize that the coaching of witnesses during depositions may obstruct the fact-finding purpose of discovery. We also recognize a trial court's authority to supervise the conduct of parties at depositions, but that authority may not encroach upon the attorney-client privilege. We quash the trial court's order, which departs from the essential requirements of law.
PETITION GRANTED; ORDER QUASHED.
PETERSON, C.J., and ANTOON, J., concur.