Brian **BREGMAN**, Plaintiff,

v.

**DISTRICT OF COLUMBIA,**
**et al., Defendants.**

**Civil Action No. 97–789 HHK/JMF.**

United States District Court,
District of Columbia.

Oct. 23, 1998.

## MEMORANDUM OPINION

FACCIOLA, United States Magistrate Judge.

Plaintiff claims that the defendant Paul A. Clark, a Metropolitan Police Department Officer, falsely arrested him and, for no apparent reason, kicked him in the head. The defendants are Officer Clark and the District of Columbia.

Plaintiff has now moved to compel the defendants to (1) designate an official to testify on behalf of the District, (2) answer certain interrogatories and (3) produce certain documents. Defendants subsequently moved for a protective order to preclude discovery of the information of the Metropolitan Police Department's hiring, training, supervision and discipline of officers other than Mr. Clark. In addition, Defendants have moved to compel plaintiff's answers to interrogatories and production of documents.

## PLAINTIFF'S MOTION TO COMPEL

**The defendants' refusal to designate.** On June 22, 1998, plaintiff sent to defendants' counsel[1] a *Notice of Rule 30(B)(6) deposition and Request for Production of Documents.* The Notice sought to take the deposition of the District of Columbia, asked the District to designate a person to testify as to six specific areas, and that the designee bring with him or her "all documents reasonably relating" to the specified areas of inquiry. The District, however, refused to designate any one and the deposition never took place.

1. The office of the Corporation Counsel repre-    sents officer Clark and the District of Columbia.

The District's failure to designate an official to testify violated the unequivocal command of Fed.R.Civ.P. 30(b)(6) that "the organization[2] so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf . . ." Confronted with a notice of deposition (or any other type of discovery) a party must either comply with the discovery demand or seek a protective order under Fed. R.Civ.P. 26(c). Fed.R.Civ.P. 37(d) provides: "The failure to act[3] described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)." Since the District neither designated the official or moved for a protective order, its conduct was literally inexcusable under the Federal Rules of Civil Procedure. I will therefore order the District to designate the official so that the deposition of the District can be taken. I note that the District has been fully advised of the topics of the deposition and that, unless it seeks and secures a protective order in advance, I will not entertain its objection on the grounds of relevancy to the deponent answering any question which falls within the six topics plaintiff has specified.

■ **Discovery of trial exhibits.** Plaintiff seeks by interrogatory or request to produce documents (1) the defendants' intended lay and expert witnesses and the witnesses' anticipated testimony and (2) the defendants' trial exhibits. The defendants said they would be providing a preliminary witness list and a 26(b)(4) statement as to their expert witness, Jerry V. Wilson. They objected to providing their exhibits prior to submission of their pretrial statement. Plaintiff, however, never got the defendants' witness list or 26(b)(4) statement.

It would be hard to imagine a more fit subject for discovery than one's opponent's trial witnesses and exhibits. Under Fed. R.Civ.P. 26(a)(1), each party, without even awaiting a discovery request, must disclose to its opponent the (1) name, address and phone number of "each individual likely to have discoverable information relevant to disputed facts" and (2) a copy of, or a description by category and location of, all documents . . . "that are relevant to the disputed facts."[4] Under Fed.R.Civ.P. 26(B)(3) the parties are then required within 30 days of trial to name their trial witnesses and identify the exhibits they plan to offer at trial. In light of that obligation, any claim that a party's potential witnesses and exhibits are not fit subjects for discovery is fatuous. Furthermore, that a party may have to list what witnesses she will call and what exhibits she will introduce in her pretrial statement does not operate retroactively to make those matters unfit subjects for discovery. Defendants will therefore have to answer the interrogatories and requests to produce which seek the names of defendants' potential witnesses and copies of defendants' potential exhibits.

■ An analogous objection was made by the defendants as to plaintiff's interrogatories numbers one and two which asked the defendants to state, as to each part of the complaint they denied, what they contended the true facts to be and each fact which supported the position they took "[f]or every part of your affirmative pleadings." Defendants answered that (1) insofar as this discovery sought applicable law, it "is equally available to the plaintiff"; (2) insofar as it

---

2. Fed.R.Civ.P. 30(b)(6) permits a party to name a "governmental agency" as a deponent.

3. The "failure to act described in this subdivision" includes not appearing for a deposition. Fed.R.Civ.P. 37(d). While a failure to designate an official specifically described as a "failure to act" may not technically fall within the rule, the clear intendment of the rule is to insist upon a party's filing for a protective order as the only permissible reason for not appearing at a deposition. It would be absurd to interpret Fed. R. Civ. 37(d) to permit refusing to designate an official

for a 30(b)(6) even though the party to be deposed has not moved for a protective order while it condemns the designated official's not appearing for the deposition when the organization he represents has not moved for a protective order, prohibiting his deposition.

4. Note that the parties were excused from these obligations under Fed.R.Civ.P. 26(a)(1) by Local Rule 207 because the case was assigned to the complex track by Judge Kennedy. However, it does not follow that the information is exempt from discovery.

sought relevant facts and documents, they were being produced in "the course of discovery"; and (3) insofar as plaintiff sought the thought processes of the defense of how the defense will ultimately apply the law to the facts, "the request is improper and/or premature." Answers of Defendant to Plaintiff's Interrogatories, Nos. 1 & 2. I believe that plaintiff is entitled to a less obfuscated answer. Asking the defendants what factual information they will rely on to support their case is perfectly appropriate discovery which does not impermissibly invade defendant's counsel's thought processes. The work product rule, Fed.R.Civ.P. 26(b)(3), applies only to documents and is not invoked merely because one party asks the other for the facts which support its position. Defendants must therefore answer these interrogatories.

**Files.** Plaintiff seeks defendant Clark's personnel, disciplinary and training files and has gotten in response confusing answers which simultaneously object to the request as vague, or vague and unduly burdensome, and has produced documents which one has to suppose are responsive. As plaintiff points out, it is impossible to know whether the District is, by the production, representing that, despite its objections, it has produced all of the documents or whether it is objecting to producing more than it has on the grounds of the vagueness or over breadth of the request.

Moreover, its objections on the grounds of vagueness and overbreadth are not well taken. It would be hard to imagine how plaintiff could have been any more specific than he was when he asked for the personnel, disciplinary, and training files "on Paul A. Clark maintained by the District of Columbia." There is nothing vague about that description of the files and seeking these files as to the defendant Clark is hardly overbroad; he is, after all, a defendant and what his personnel files reflect about his behavior as a police officer and his training is at the very heart of the lawsuit. I will overrule the defendants' objections and, to close this matter completely, require whoever is the custodian of these records to certify in writing and under oath that the records produced (or to be produced in any supplemental submission,

if necessary) are all the records in the possession of the District of Columbia which are responsive to plaintiff's requests.

A final note about the training files. In response to plaintiff's request for "[a]ll training files or documents on Paul A. Clark" the defendants, after objecting on the grounds of an undue burden, described the present training of Metropolitan Police Department officers and produced a document entitled " Recruit Officer Training and Certification Program (ROTCP) May 1996." As plaintiff points out, describing the present training of Metropolitan Police Departments is not responsive to an inquiry about the documents which reflect the training of the defendant Clark who became a police officer in 1990. Therefore, the defendants have not properly responded to this request and must do so. The proper custodian of such records must either produce them or certify in writing under oath why they do not exist and cannot be produced.

**Information about Officer Clark.** Plaintiff has asked for various kinds of personal information about officer Clark. He has provided some of this information, again often using the same confusing answer in which he simultaneously provides information and objects to providing it. When he does object, he does so on the grounds that the requested information is not likely to lead to relevant evidence and the invasion of officer Clark's personal privacy.

**Arrest record.** The situation as to officer Clark's arrest record is confusing. In his response to the interrogatory officer Clark indicates that he was never arrested but, plaintiff claims that officer Clark admitted in his deposition that he was charged with a crime and prosecuted in the Superior Court. Those statements both cannot be true. The District of Columbia is the depository of all arrest records in the District of Columbia under the WALES system. In light of the discrepancy to which plaintiff points, I will order the defendant District of Columbia to provide plaintiff with the arrest record of officer Clark. If such a record exists, it will show the disposition of the arrest or provide plaintiff's counsel with sufficient information

to search for its disposition in the records of the Superior Court.

**Employment record.** Plaintiff seeks officer Clark's employment history, including, for example, the names and addresses of his employers, the names of his supervisors, and whether he had his compensation reduced or docked for any reason. Plaintiff also asks officer Clark to identify every honor, award, and commendation he has earned since his 18th birthday and to specify every incident during his employment when a complaint was made against him.

Officer Clark has provided the names of four employers but does not provide their addresses and phone numbers, the names of his superiors, his compensation history and whether he ever had his compensation reduced or "docked" for any reason. He then objects to providing any information about disciplinary actions against him in his employment prior to his becoming a police officer. He does provide, subject to his objection, a "chronology of commendations, use of force incidents, proposed adverse actions, and discipline contained in MPD record regarding officer Paul Clark." (*Answer of Defendants to Plaintiff's Interrogatories*, No. 8.)

■ The defendants object to the prior employment history on the grounds that it is, at best, character evidence, which is not admissible to show that officer Clark had a particular character trait. But, evidence may be inadmissible for one purpose but admissible for another. Whether or not officer Clark's "prior bad acts" in his employment prior to becoming a police officer may or may not be admissible against him, they may well be admissible against the District to show that it was negligent in failing to explore that employment history or disregarding what light it shed on officer Clark's fitness to become a police officer. I therefore will permit inquiry into that history.

By the same token, there are aspects of that history which are neither relevant nor likely to lead to relevant evidence. Plaintiff's complaints about officer Clark deal with his alleged use of unreasonable force. Moreover, if officer Clark were to testify he might be impeached with prior bad acts that bear directly upon his truthfulness. Fed.R.Evid. 608(b). It would therefore follow that plaintiff has the right to seek from prior employers information about those characteristics from prior employers and that officer Clark must advise plaintiff whether he was ever disciplined for any infraction bearing on his use of force or his honesty or truthfulness. The other questions, as to his compensation, periods of unemployment, honors and awards, and whether his pay was "docked" for any reason such as tardiness is irrelevant. Accordingly, officer Clark shall provide the following information to plaintiff in the following form as to all employment he has had since his 18th birthday:

| Period of Employment | Name of Employer | Address (street, city and state) | Phone number | Name of immediate supervisor | Reason for leaving employment |
|---|---|---|---|---|---|
| | | | | | |

As to each period of employment, officer Clark shall state whether he was ever disciplined in any way, to include the "docking" of his pay for the use of force or for dishonesty or deceit. In all other respects, officer Clark is not obliged to answer interrogatories numbered 6, 7 and 8.

**Medical History.** Plaintiff demands officer Clark's identify "every [physical or mental] ailment or condition for which you are currently being treated, or have been treated for at any time since your eighteenth birthday." He also seeks the statements issued by any "doctors, mental health professionals or hospitals reflecting charges for medical, hospital, or counseling services provided to Paul A. Clark during the past years." (*Plaintiff's Requests for Production of Documents* No. 8.)

The breadth of these questions invade officer Clark's privacy without any corresponding gain in the quantum of information bearing on his fitness to be a police officer. No one could contend that knowing that officer Clark was treated for the flu or a broken arm put the District of any kind of notice that he would not be a good police officer.

There is only one area of officer Clark's health history which might yield a different result—his mental health history. If officer Clark has been treated by a mental health professional then the diagnosis or the nature of the consultation between them or their conversations might cast light on officer Clark's fitness to become or continue to be a police officer. Police officers are placed in uniquely dangerous and stressful situations and their mental health histories may be particularly relevant to their ability to cope with those situations and their consequential fitness to police officers.

To keep the invasion of officer Clark's privacy to the barest necessity, I will suspend ruling on plaintiff's interrogatory and request for production of documents, which seek his health history, until officer Clark files *in camera* a declaration indicating whether, since his 18th birthday, he has ever been treated by or consulted with a mental health professional and, if he has, why he sought such treatment or consultation, the name of the mental health professional or facility with whom he consulted or by whom he was treated, and the approximate dates of the consultations or treatments.

If officer Clark indicates that he has not consulted a mental health professional or secured treatment from such a professional, I will end the matter by denying plaintiff's discovery request insofar as they seek to probe his health history. If he indicates he has, I will either rule on the remaining discovery or require additional briefing on the issues presented.

**Civil Suits.** Plaintiff asks officer Clark to identify every civil lawsuit in which he was a party or "material witness" and asks for the caption, court and case number. Defendants objected but then stated "MPD-related auto accident with David Jackson, 10/28/95." As plaintiff indicates, the defendants do not provide the caption, court and case number for that lawsuit. Defendant should provide the name of the court forthwith. As to remaining information, they should do so or state that they have made a diligent search and cannot find that information.

■ **Gun Ownership Certificates.** Plaintiff seeks "a copy of every gun ownership certification or registration for every firearm" that has been kept in officer Clark's residence during the past 5 years. Defen-

dants objected on the grounds that the answer was not likely to lead to admissible evidence but stated that officer Clark's firearm is registered to the District of Columbia. That does not answer the question. If officer Clark means that he has not had, in the past five years, any gun ownership certificates and that his gun is registered to the District of Columbia and not to him, he should specifically so state. If, on the other hand, he has been issued certificates for guns which he owns as an individual, he should so state and provide plaintiff with those certificates. As plaintiff points out, representations he made to secure such a certificate may contain information about his prior criminal history or other matters which bear on his fitness to be a police officer and provide notice to the District of whether he was fit or not.

**Social Security Number and Resume.** Plaintiff seeks every name and nickname officer Clark has "ever gone by" (Interrogatory No. 5), his social security number and resume. Officer Clark only provides his given name. Officer Clark shall answer the question fully and also provide his social security number and resume, if he has one.

**Other files and records.** Plaintiff also seeks any other file on officer Clark maintained by the District of Columbia, in addition to the personnel, training and discipline files and "all other documents … relating to any of the above requests." The latter is the last request for production of documents and, as best one can tell, seeks documents which "relate" to the first eight requests for production. It is hard to understand how a document could simultaneously "relate" to any one of the first eight requests and yet not be responsive to it. The vagueness of the word "relates" makes it impossible to divine which documents are sought by this request and it is not fair to force the defendants to guess at their peril. The objection to this request to produce is well taken.

On the other hand, the request for any other files on officer Clark maintained by the District of Columbia is appropriate. While it is not likely, it is possible that there are

additional files relating to officer Clark and plaintiff is entitled to see them.

**Lack of signature.** Plaintiff complains that in general the defendants' answers do not specifically state whether the information provided is complete and all the information available. I note in that context that, while the interrogatories were propounded to the defendants, i.e., the District of Columbia and officer Paul Clark, but only officer Clark signed them under oath. Fed.R.Civ.P. 33(b)(2) requires that answers to interrogatories are to be signed by the person making them but no one has signed these interrogatories on behalf of the District of Columbia. I will therefore require an authorized agent or representative of the defendant District of Columbia to file, under oath, a certification that the answers provided by the District of Columbia in the *Answers of Defendants to Plaintiff's Interrogatories* are true and complete to the best of that person's knowledge.

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

■ Defendants have moved this Court for a protective order to preclude discovery of the information of the Metropolitan Police Department's hiring, training, supervision and discipline of officers other than Mr. Clark. Defendant contends that information in regard to other officers is irrelevant. As I have already addressed in page five of this opinion and as I clearly stated in our September 24, 1998 discovery conference, I believe that the training information of the graduating class of officer Clark is indeed relevant. Officer Clark was presumably not the only member of his class and was not trained alone. Thus, for obvious reasons, the training of the other officers has a direct bearing on this case. Therefore defendants' motion for a protective order is denied.

## DEFENDANTS' MOTION TO COMPEL

The defendants, for their part, have moved to compel plaintiff to respond to *Defendants' Request for Documents* and *Defendants' Interrogatories.*

■ **Lost Wages Claim** (Defendants' Interrogatory No. 4). While plaintiff hedged his bets as to whether he was making a claim for future lost wages in responding to this interrogatory, his counsel indicated at the hearing that he will not be making a claim for future lost wages. The only claim he is making, therefore, is for his loss of three days of work or $189. Defendants also seek, however, (1) plaintiff's tax returns for the two years preceding the altercation with officer Clark, for the year of the altercation, and all subsequent years; (2) copies of documents relating to this claim and "personal income producing activity for the last five years" and (3) an authorization for "all employment records, naming each employer on each authorization."

Giving the narrowing of the claim to a single claim of $189 for 3 days work, the defendant's demands are excessive and will be denied.

■ **Out of pocket expenses** (Defendants' Interrogatory No. 5). Defendants understandably demand that plaintiff itemize his "out of pocket expenses or special damages." Plaintiff refers defendants to his amended complaint and that he will supplement his response after consultation with his expert witnesses.

The reference to the compliant is useless; the whole purpose of discovery is to put flesh on the bare bones of a compliant which need only be a short and concise statement of the claim. Fed.R.Civ.P. 8(a). Additionally, the so called "ad damnum" of plaintiff's complaint (para. XIII) is utterly unspecific as to how plaintiff arrived at the amounts of special damages claimed. Accordingly, defendants' motion to compel will be granted as to this interrogatory; plaintiff will specifically indicate what charges he has paid or is obligated to pay for all medical treatment, diagnosis, and consultation he has received and shall provide defendants with copies of all bills or invoices rendered him by persons or organizations which provided him with any form of medical treatment, diagnosis, and consultation based on injuries sustained during the altercation with officer Clark. As already indicated, as to the lost wage claim, plaintiff has narrowed that claim to $189 and no further documentation is, in my view, necessary. Furthermore, as just indicated,

at the hearing held on these motions, plaintiff indicated that he will not be making a claim for future lost wages.

■ **Permanent injury** (Defendant's Interrogatory No. 7). Defendants demand to know if plaintiff is claiming permanent injury, and if he is, the activities he is prevented from performing, and the name and address of the persons he intends to rely upon to support his claim of permanent injury. Plaintiff objects to expressing a medical opinion, refers defendants to his answer to defendants' interrogatory no. 6 in which he indicated that he received a serious blow to the head, that various bones were broken, which "caused a number of complications," that the injury was painful, that the pain continues to the present and the effects of the injury affect his ability to concentrate and sleep. He also refers the defendants to a letter from a Doctor Hauck who evaluated plaintiff on May 9, 1996, a few weeks after the altercation with officer Clark. Dr. Hauck speaks to the plaintiff's condition on that day but does not speak to the permanence of the injuries plaintiff suffered.

Defendants' demand for more information is well taken and is granted. Plaintiff shall provide a clear and unequivocal statement which will indicate whether the injury he suffered is claimed to be permanent and, if he is, what activities it prevents him from performing and whether he anticipates and claims that he has suffered a permanent injury or disability in some life function.

As to the person he relies upon to support his claim, he shall state whether he intends to call an expert witness to so testify and the name and address of that witness.

■ **Medical Records and related materials** (Defendants' Interrogatories Nos. 8–11). Defendants seek (a) any x-rays taken subsequent to the injuries he sustained, (b) the names of any medical provider who treated him as a result of his injuries and (c) copies of the documents which relate to the treatment of his injuries to include, of course,

medical and hospital records and bills. Defendants also want an authorization from plaintiff so that they can secure records from any medical provider.

Plaintiff has provided that authorization and the 1996 letter from Dr. Hauck to which I referred above. He balks at providing any thing else, insisting that the authorization suffices since defendants can secure what they want from the medical providers themselves.

This problem has arisen because this case was assigned to the complex track and the parties are therefore excused from their obligations under Fed.R.Civ.P. 26(a)(1) by Local Rule 207. Were that not true, the simple force of that rule would have required that plaintiff provide defendants with the information and documents defendants seek. The name of the medical providers would unquestionably have been the names of "individuals likely to have discoverable information" (Fed. R.Civ.P. 26(a)(1)(A)) whose identity must be disclosed and the medical records would have been "documents in the possession, custody or control of the party that are relevant to disputed facts alleged with particularity in the pleadings." Finally, plaintiff would have had to provide the medical bills. Plaintiff is obliged to provide a computation of any category of damages claimed and to make available for copying "documents ... on which such computation is based, including materials bearing on the nature and extent of injuries suffered." Fed.R.Civ.P. 26(a)(1)(C). Thus, had the parties complied with obligations imposed by these rules this controversy would not exist.

I find, therefore, that excusing them from their 26(a)(1) obligations is interfering with the prompt and efficient conclusion of discovery. I therefore will exercise the broad discretion I unquestionably have over discovery[5], and will require the parties to make the disclosures similar to the obligations imposed by Fed.R.Civ.P. 26(1) subsections A–C. To then relate those obligations to the outstanding discovery requests, plaintiff shall

---

**5.** *See Crawford–El v. Britton,* ⸺ U.S. ⸺, ⸺, 118 S.Ct. 1584, 1597, 140 L.Ed.2d 759 (1998); *Food Lion, Inc. v. United Food and Commercial Workers International Union,* 103 F.3d 1007, 1012 (D.C.Cir.1997); *Securities and Exchange Commission v. College Bound Inc.,* 155 F.R.D. 1, 2 (D.D.C.1994).

fulfill the obligation I am imposing by providing the defendant with:

1. Any and all x-rays in his possession that depict the injuries he sustained in his encounter with officer Clark.

2. Copies of any and all reports of any other electronic imaging of plaintiff's body, such as magnetic resonance imaging, which was used to identify, diagnose or treat any injuries he sustained in his encounter with officer Clark.

3. Copies of all bills rendered plaintiff by medical providers based on the diagnosis or treatment of plaintiff for the injuries he sustained in his encounter with officer Clark.

4. Copies of all reports provided plaintiff by medical providers concerning the diagnosis or treatment of plaintiff for the injuries he sustained in his encounter with officer Clark.

■ As to plaintiff's claim that his providing authorization to secure the information from the concerned medical providers suffices to fulfill any discovery obligation he might have, Judge Kollar–Kotelly has recently pointed out that merely providing an authorization for one's opponent to secure medical records from third party does not comply with obligations the Federal Rules impose upon a party. *Kifle v. Parks & History Association*, Ca No. 98–48 (D.D.C. Oct. 15, 1998).

As to plaintiff's corollary claim—that he is not obliged to make copies of these materials—I note that the Federal Rule governing initial disclosures, Fed.R.Civ.P. 26(a)(B), requires a party to provide either a copy of the required documents or "a description by category and location" of them. In my view, the only fair reading of the rule makes whether a copy or a description of the documents to be a function of the number of documents at issue. If there are a large number of documents in an antitrust case, the draftsmen of the Rule might have well understood that it would be unduly burdensome and unnecessary to produce all of them without even a demand. If, on the other hand, there are a small number of documents in a personal injury case requiring copies of them is appropriate. It makes no sense to attribute to the draftsmen an intention to permit a party to describe by "location and category" a handful of medical records when it is so much easier and efficient to require that party to simply copy the documents. To attribute to the draftsmen the intention to relieve a party of that simple and inexpensive obligation in a case involving a small number of documents is to attribute them an intention to make discovery of documents as complicated and protracted as possible when the whole thrust of the voluntary discovery provisions of Rule 26 is to the precise contrary. Surely, when there is a copier in every office and a copy shop on every street corner, to relieve a party of the simple obligation to spend a few minutes copying documents because he provides an authorization to his opponent to secure from the medical provider the very records that are sitting on his desk is to place an absurd gloss upon a rule and to encourage an attitude among the bar that views discovery as a game to be played in which the infliction of expense and trouble upon one's opponent is the ultimate prize to be won.

**Plaintiff's prior medical history** (Defendants' Interrogatory No. 13). Plaintiff, having demanded officer Clark's prior medical history, resists providing his own. Asked by this interrogatory to state whether he has been physically or mentally ill, or suffered any other physical injury or disability prior to his altercation with officer Clark, he indicates only that he has been ill and suffered various injuries at various times of his life. But, what is sauce for the goose is sauce for the gander. I believe that probing plaintiff's prior medical history, other than his mental health history, is as irrelevant an exercise as probing officer Clark's. By the same token, evidence of plaintiff's treatment for mental illness might bear on a disputed issue, such as whether plaintiff was the first aggressor. Therefore, as I ordered as to officer Clark, I will suspend ruling on plaintiff's interrogatory and request for production of documents, which seek his health history, until plaintiff files *in camera* a declaration indicating whether, since his 18th birthday, he has ever been treated by or consulted with a mental health professional and, if he has, why he

sought such treatment or consultation, the name of the mental health professional or facility with whom he consulted or by whom he was treated, and the approximate dates of the consultations or treatments.

If plaintiff indicates that he has not consulted a mental health professional or secured treatment from such a professional, I will end the matter by denying defendants' discovery request insofar as they seek to probe his health history. If he indicates he has, I will either rule on the remaining discovery or require additional briefing on the issues presented.

### ▮ Plaintiff's subsequent medical history (Defendants' Interrogatory No. 13).

This interrogatory also seeks information about plaintiff's medical history subsequent to his altercation with officer Clark. I find that plaintiff's subsequent medical history is as irrelevant as his (and officer Clark's) prior medical, non-psychiatric history with one exception. Plaintiff shall indicate whether, subsequent to his altercation with officer Clark, he sustained any other injury to the upper part of his body. Subsequent injury might bear on whether the pain plaintiff may claim he now suffers had a cause other than the one he claims.

### Prior physical and dental examinations. (Defendants' Interrogatory # 14).

Defendants asks plaintiff when he had his last physical and dental examination prior to the altercation with officer Clark. They also seek the names and addresses of the physician or dentist who performed them and the date and the results if plaintiff was advised of them. Plaintiff objects to expressing a medical opinion and points to the authorization he gave to defendants. But, the authorization does not name the physician or dentist and is, in that sense, useless. By the same token, such examinations are irrelevant unless they yielded some information which could possibly undercut plaintiff's claim that the injuries he suffered and the pain he endured and still endures had some other cause besides what he alleges officer Clark did to him. To narrow the question to that topic, it will suffice for plaintiff to indicate whether during any physical or dental examination he ever complained to a physician or dentist that he suffered pain in his head for any reason. If the answer is positive, plaintiff will then provide defendants with the name and address of the physician or dentist to whom he made such a complaint, his best approximation of when he made such a complaint, and what diagnosis and treatment, if any, he received.

### Expert witnesses (Defendants' Interrogatory No. 19).

In their *Joint Statement Pursuant to Local Rule 206*, the parties agreed that plaintiff would identify his expert witnesses within 30 days of what the parties called the end of "factual" discovery; defendants were to do the same within 60 days of that deadline. Each party agreed to take no more than one deposition per expert and to complete these depositions within 90 days of the "factual" discovery deadline. Judge Kennedy, however, issued a Scheduling Order on November 21, 1997 in which he required plaintiff to file "R.26(a)(2) statements" by April 29, 1998 and defendant to file theirs by May 29, 1998. Defendants filed their statement but plaintiff did not.

Plaintiff's cavalier disregard of Judge Kennedy's order must be immediately cured. Accordingly, plaintiff shall supply his 26(a)(2) statements in accordance with the deadlines set in the attached order. By "R.26(a)(2) statements" I mean a statement in complete conformance with the requirements of that rule; I view any thing less than that as a failure to comply with Judge Kennedy's order. Plaintiff's doing so will moot defendants' motion to compel an answer to this interrogatory; insofar as the interrogatory seeks any more information than that rule requires be produced I view it as objectionable.

### Identification of documents (Defendants' Interrogatory No. 21).

Defendants demand that plaintiff identify documents which "in any way pertain[s] to the allegations of your complaint." Plaintiff objects to the "catchall" nature of this interrogatory, claims it calls for a legal conclusion, and calls for the production of information protected by the work product and attorney client privilege.

▮ I do not find that the interrogatory is objectionable. "Pertains" is not so vague a word that plaintiff can pretend not to

know what it means in this context. It means, of course, has some relation to or deals with the allegations of his complaint. That the plaintiff has to decide whether or not a document "pertains" to an allegation does not require him to apply any law to any facts and, even if it did, that is not grounds to object. Fed.R.Civ.P. 33(c). Not every piece of paper a lawyer touches constitutes her work product; to qualify the document must be created by the persons identified in Fed.R.Civ.P. 26(b)(3) for the purposes of trial or in anticipation of litigation. That a document pertains to the allegations of the complaint hardly means that *ipso facto* it is work product. Furthermore, there is no indication anywhere of why any of these documents falls within the attorney client privilege. Indeed, plaintiff's failure to comply with Fed.R.Civ.P. 26(b)(5), requiring him to file a privilege log, bars in itself any claim of privilege, whatever its basis.

Plaintiff's objection is overruled and he shall answer this interrogatory.

**Plaintiff's version of the events** (Defendants' Interrogatory No. 22). Defendants ask plaintiff to state in detail how the incident occurred, the exact wording of any statements he made, and his physical movements. Plaintiff objects to the burdensomeness of this obligation and proceeds, nevertheless, to provide the statement. I find the objection on the grounds of burdensomeness, merely because plaintiff is asked to provide his answer "in detail," to be frivolous. Asking a party to detail with specificity what happened is perfectly appropriate discovery. With that said, I also find the statement plaintiff has provided to be a sufficient answer to the interrogatory and will deny the motion to compel an answer as moot.

**Statements by plaintiff and others** (Defendants' Interrogatory No. 23). Defendants seek any written or recorded statement plaintiff or any one else signed or prepared describing his altercation with officer Clark or the injuries he claims he suffered during it. Plaintiff once again asserts the attorney client and work product privileges. Once again, however, his failure to provide the privilege log required by Fed.R.Civ.P. 26(b)(5) bars any claim of privilege and his objection to answering this interrogatory is overruled.

**Sealed materials** (Defendants' Interrogatory No. 24). Defendants seek any written or recorded statements made by defendants which plaintiff has and which relate to the action and documents which, in turn, relate to those statements. It appears that plaintiff made a motion to expunge his arrest record under Super. Ct. R. 118. The motion was granted which means that the United States Attorney was required to collect the arrest record from the Metropolitan Police Department and caused it to be sealed. Plaintiff therefore indicates that the documents which this interrogatory requires be produced are under seal. Since that is so, application to unseal them must be made by the defendants to the Superior Court. In the meanwhile, plaintiff's objection to this interrogatory should be sustained. The defendants cite me to no authority for the proposition that this Court has jurisdiction to order from a person who has secured expungement relief under Rule 118 that he forego the relief he has secured and disclose the very documents the Superior Court has ordered sealed. Perhaps the defendants can make such an argument but they must make it in the first instance in the court which ordered the documents sealed.

**Oral statements** (Defendants' Interrogatory No. 25). Defendants ask plaintiff what oral statements officer Clark (or other employees of the District of Columbia) made during the altercation. Plaintiff refers them back to his narrative statement which he provided in response to Interrogatory # 22 but renews the same objection he made as to that interrogatory. I find that plaintiff's answer is sufficient and I will deny the motion to compel an answer to this interrogatory as moot.

**Remaining Interrogatories** (Defendants' Interrogatories Nos. 26–29). Plaintiff objects to answering any additional interrogatories because defendants were only permitted 25 under Local Rule 207(b). Plaintiff is correct and his objection to answering these interrogatories is sustained.