KAHN, J.
In this workers’ compensation case, the claimant petitions this court for a writ of certiorari to review an order entered by the judge of compensation claims (JCC). The JCC’s order prohibits the claimant’s attorney from discussing with the claimant the circumstances of her accident until she appears for the continuation of her deposition. Because the JCC’s order does not depart from the essential requirements of law, we deny the petition.
*730 The claimant, Violeta McDermott, allegedly sustained an injury when she slipped and fell on July 16, 1998, while exiting her place of employment. During her deposition on November 12, 1998, the attorney for the employer asked McDermott questions about the circumstances of her accident. When the employer’s attorney asked McDermott whether she had noticed “any problem or defect of the sidewalk or flooring that caused you to fall,” McDer-mott’s attorney instructed her not to answer because of “relevancy.”
The employer subsequently filed a Motion to Compel, seeking to have McDer-mott reappear for a deposition to answer questions regarding the circumstances of her accident. The employer also filed a Motion to Preclude Claimant’s Counsel from Discussing Circumstances of Accident until Plaintiff Reappears at Deposition. This motion contains the following paragraph:
In view of Claimant’s counsel improperly directing his client to refuse to answer questions, it appears that Claimant’s counsel was concerned that the Plaintiff in fact would testify that there was nothing wrong on the flooring in which she fell. As a result, undersigned counsel asked that there be an Order precluding Claimant’s counsel from discussing the circumstances of her fall as he would not have been able to do so if he acted properly. In other words, Claimant’s counsel did not have the right to stop the deposition, discuss with his client the circumstances of the fall, prior to Claimant answering such questions.
Following a hearing, the JCC granted the employer’s motion to compel and directed McDermott to “reappear for deposition and answer any and all questions that the Employer has concerning how the accident occurred.” The JCC also granted the employer’s Motion to Preclude Claimant’s Counsel from Discussing Circumstances of Accident. In this regard, the JCC made the following findings:
Because the Court finds Claimant’s counsel improperly instructed his client not to answer questions regarding her slip and fall accident, this Court hereby directs that Claimant’s counsel and/or representatives shall not speak to the Claimant concerning the circumstances of the subject accident until after Claimant has been re-deposed. The Court accepts the argument and reasoning of the Employer as stated in its motion.
McDermott has petitioned this court for a writ of certiorari, asserting that the JCC’s order departs from the essential requirements of law. McDermott argues in her petition that the JCC’s order is “so broad and vague as to totally preclude any attorney-client communication” and the order “requires greater specificity since it can be interpreted as all encompassing and precluding any communication whatsoever.” Contrary to McDermott’s argument, the JCC’s order does not preclude all attorney-client communication. Rather, it precludes only communications “concerning the circumstances of the subject accident” and it precludes such communications only “until after Claimant has been re-deposed.” While the JCC could have been more specific with regard to the scope of the order, e.g., by precluding communications relating to McDermott’s ongoing testimony or the particular question counsel improperly instructed McDermott not to answer, we find the order does not depart from the essential requirements of law.
Although no Florida case is on point, the JCC has the discretion to enter such an order. See generally § 440.33, Fla. Stat (1997) (setting forth powers of JCCs, including the powers to “preserve and enforce order during any such proceedings” and to “compel the attendance and testimony of witnesses ... or the taking of depositions”). In particular, as the employer explains in its response to the cer-tiorari petition, the United States Supreme Court has addressed the issue of whether a trial judge in a criminal case can pre- *731 elude the defendant from conferring with counsel during a recess declared by the trial judge following the defendant’s direct examination. See Perry v. Leeke, 488 U.S. 272, 109 S.Ct. 594, 102 L.Ed.2d 624 (1989). In an earlier decision in another criminal case, the Court had held that “an order preventing petitioner from consulting his counsel ‘about anything’ during a 17-hour overnight recess between his direct- and cross-examination impinged upon his right to the assistance of counsel guaranteed by the Sixth Amendment.” Geders v. United States, 425 U.S. 80, 91, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976). Perry, however, involved only a 15-minute recess and the Court distinguished Geders on this basis:
The interruption in Geders was of a different character because the normal consultation between attorney and client that occurs during an overnight recess would encompass matters that go beyond the content of the defendant’s own testimony — matters that the defendant does have a constitutional right to discuss with his lawyer, such as the availability of other witnesses, trial tactics, or even the possibility of negotiating a plea bargain. It is the defendant’s right to unrestricted access to his lawyer for advice on a variety of trial-related matters that is controlling in the context of a long recess.... The fact that such discussions will inevitably include some consideration of the defendant’s ongoing testimony does not compromise that basic right. But in a short recess in which it is appropriate to presume that nothing but the testimony will be discussed, the testifying defendant does not have a constitutional right to advice.
Perry, 488 U.S. at 284, 109 S.Ct. 594. The Court then held that “the Federal Constitution does not compel every trial judge to allow the defendant to consult with his lawyer while his testimony is in progress if the judge decides that there is a good reason to interrupt the trial for a few minutes.” Id. at 284-85, 109 S.Ct. 594. In a footnote, the Court also indicated that “[a]lternatively, the judge may permit consultation between counsel and defendant during such a [brief] recess, but forbid discussion of ongoing testimony.” Id. at 284 n. 8, 109 S.Ct. 594.
This case is not a criminal casé, and it does not involve trial testimony or a brief recess. Nevertheless, given that a judge in a criminal case can prohibit consultation between a criminal defendant and his attorney during a recess, it follows that a JCC can prohibit a workers’ compensation attorney from communicating with the claimant (his client) about the circumstances of the accident giving rise to the alleged injury until the claimant appears for the continuation of her deposition, particularly where the deposition was interrupted improperly by the claimant’s attorney.
Indeed, civil litigants have fewer protections than those available to criminal defendants. The Florida Supreme Court, in a pre-Perry opinion, held that “no matter how brief the recess, a defendant in a criminal proceeding must have access to his attorney.” Bova v. State, 410 So.2d 1343 (Fla.1982), called into doubt by Perry v. Leeke, 488 U.S. 272, 109 S.Ct. 594, 102 L.Ed.2d 624 (1989). The court made the following additional statements, however:
We stress that a defendant in a criminal proceeding is in a different posture than a party in a civil proceeding or a witness in a civil or criminal proceeding. Right-to-counsel protections do not extend to civil parties or witnesses and the trial judge’s actions in the instant case [in directing defendant and defense counsel not to confer during a short recess] . would have been proper if a civil party or witness had been involved.
Bova, 410 So.2d at 1345. In addition, in a federal civil case, an Alabama court discussed Geders and Perry and reached the following conclusions regarding the applicability of the principles in those cases to the case before it:
Considering the development of the cases in the criminal context and analo *732 gizing this development to the civil context, the court concludes that the scope of a civil party’s right to access to his counsel, and thus the scope of the counsel’s right to access to a civil party, is clear. A civil party does not have a right to consult with his counsel at any time about any matter during the course of his or her testimony. Rather, the trial court has broad power to control the progress of testimony before it. This broad power is, however, limited by a testifying party’s right to engage in such non-testimonial matters as giving and receiving information and working on the presentation of his or her case through strategizing, developing tactics, and generally managing the progress of the case. Because these non-testimonial matters arise most often during extended recesses — in particular, over evenings and weekends — the court must be sensitive to allow a testifying party to confer with his or her attorney during such periods.
Reynolds v. Alabama Dep’t of Transp., 4 F.Supp.2d 1055, 1066 (M.D.Ala.1998).
Similarly, McDermott has no constitutional right to counsel in this proceeding. The JCC’s order does not prohibit all communications between McDermott and her counsel. Moreover, the prohibition in the JCC’s order lasts only until McDer-mott appears for the continuation of her deposition, which, in theory, could have occurred as soon as the JCC issued her decision.
Finally, the sole case cited by McDer-mott in her petition does not involve the situation presented here. See The Haskell Co. v. Georgia Pacific Corp., 684 So.2d 297 (Fla. 5th DCA 1996). In Haskell, the petitioner sought review of an order reopening the deposition of one of its corporate employees because the deponent admitted that he discussed his testimony with counsel during a recess. See id. at 297-98. The trial court determined that the attorney-client privilege did not protect this discussion and granted the respondents’ motion to reopen the deposition so that respondents could question the deponent about the discussion he had with counsel. See id. at 298. The Fifth District granted the petition for writ of certiorari and quashed the trial court’s order because it departed from the essential requirements of law:
There is no recognized exception to the privilege for a communication between an attorney and client which occurs during a break in deposition. If a deponent changes his testimony after consulting with his attorney, the fact of the consultation may be brought out, but the substance of the communication generally is protested.... We recognize that the coaching of witnesses during depositions may obstruct the fact-finding purpose of discovery. We also recognize a trial court’s authority to supervise the conduct of parties at deposition, but that authority may not encroach upon the attorney-client privilege.

Id.

In this case, however, the issue before the JCC was not whether the employer could ask McDermott about the substance of her communications with her attorney; rather, the issue was whether the employer should be allowed to continue the deposition as if it had never been improperly interrupted by McDermott’s attorney. The JCC’s order attempted to do just that, by directing McDermott’s attorney not to communicate with her concerning the circumstances of the accident.
DENIED.
WEBSTER and PADOVANO, JJ., CONCUR.