799 So.2d 339 (2001)
TIG INSURANCE CORPORATION OF AMERICA, Petitioner,
v.
Aben E. JOHNSON, Jr., and Auto-Owners Insurance Company d/b/a Home Owners Insurance Company, Respondents.
No. 4D01-1280.
District Court of Appeal of Florida, Fourth District.
October 17, 2001.
Rehearing Denied November 27, 2001.
*340 Mara Schlackman and Hinda Klein of Conroy, Simberg, Ganon, Krevans & Abel, P.A., Hollywood, for petitioner.
Stephen A. Marino, Jr. of Ver Ploeg & Lumpkin, P.A., Miami, for respondent Aben E. Johnson, Jr.
KLEIN, J.
TIG Insurance Corporation of America (TIG) seeks certiorari review from an order requiring it to produce documents. We deny the petition.
Respondent Johnson, the insured, was sued for slander in February of 1998, and on December 10, 1998 put TIG, his homeowner's insurer, on notice of the claim. TIG retained attorney Scott DiSalvo to investigate the slander claim and determine whether it would be covered under the policy. Approximately two and one half months later, on February 24, 1999, DiSalvo wrote the insured that TIG had authorized his firm to defend the insured without a reservation of rights.
In March 1999, however, the insured filed a third party complaint against TIG, asserting that TIG had breached its obligation to defend him. The insured served a request for production in July, 1999, requesting that TIG produce claim files pertaining to the suit against its insured. TIG served an objection to production in August 1999 stating that the documents in the claims file were protected by the attorney-client privilege or the workproduct privilege. TIG did not identify in any way the documents which it claimed were privileged, as is required by Florida Rule of Civil Procedure 1.280(b)(5), which provides:
Claims of Privilege or Protection of Trial Preparation Materials. When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.
By the time there was a hearing on the insured's motion to compel production, in February, 2001, the documents which had not been produced were limited to those created from December 10, 1998 to February 24, 1999, which were between the insurer and any lawyer hired to investigate the slander claim. At the hearing the insured argued that because TIG had agreed to provide coverage, TIG and the insured had a common interest and there was no conflict during that period of time. Accordingly, the insured argued, there was no basis for a privilege. The insured also argued that TIG's failure to prepare a privilege log, containing the information required by rule 1.280(b)(5), waived the privilege.
The trial court expressed frustration with the fact that the request for production had been pending for such a long period and that TIG had not complied with rule 1.280(b)(5).
Rule 1.280(b)(5) was adopted in 1996, see In re Amendments to Florida Rules of Civil Procedure, 682 So.2d 105, 106 (Fla. 1996), and is the same as Federal Rule of Civil Procedure 26(b)(5). The Advisory Committee Notes to the federal rule state "[t]o withhold materials without such notice is contrary to the rule, subjects the party to sanctions under rule 37(b)(2) and may be viewed as a waiver of the privilege or protection."
Although we find no Florida cases discussing the precise details of what a privilege *341 log should include, the Southern District of Florida has supplemented federal rule 26(b)(5) with Local Rule 26.1(G)(3)(b), which provides in part:
Where a claim of privilege is asserted in objecting to any interrogatory or document demand, or sub-part thereof, and an answer is not provided on the basis of such assertion:
(i) The attorney asserting the privilege shall in the objection to the interrogatory or document demand, or sub-part thereof, identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and
(ii) The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:
(A) For documents: (1) the type of document; (2) general subject matter of the document; (3) the date of the document; (4) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other....
The Southern District of New York also has a local rule which is essentially identical to rule 26.1 of the Southern District of Florida. A.I.A. Holdings, S.A. v. Lehman Bros., 2000 WL 1538003 (S.D.N.Y. Oct.17, 2000).
In Abbott Laboratories v. Alpha Therapeutic Corp., 2000 WL 1863543 (N.D.Ill. Dec.14, 2000), the court explained that a privilege log should:
describe the document's subject matter, purpose for its production, and a specific explanation of why the document is privileged or immune from discovery. These categories, especially this last category, must be sufficiently detailed to allow the court to determine whether the discovery opponent has discharged its burden of establishing the requirements expounded upon in the foregoing discussion. Accordingly, descriptions such as `letter re claim,' `analysis of claim,' or `report in anticipation of litigation' with which we have grown all too familiarwill be insufficient. This may be burdensome, but it will provide a more accurate evaluation of a discovery opponent's claims and takes into consideration the fact that there are no presumptions operating in the discovery opponent's favor. Any failure to comply with these directions will result in a finding that the plaintiff-discovery opponents have failed to meet their burden of establish the applicability of the privilege.
We recognize that waiver of the attorney-client and work-product privileges is not favored in Florida. Liberty Mut. Ins. Co. v. Lease Am., Inc., 735 So.2d 560, 562 (Fla. 4th DCA 1999)("The judiciary of this state should protect communications which Floridians recognize as privileged, without being hobbled by less important considerations."). On the other hand, rule 1.280(b)(5) uses mandatory language, and federal courts have found waiver where the federal rule was violated. Dorf & Stanton Communications, Inc. v. Molson Breweries, 100 F.3d 919, 923 (Fed. Cir.(N.Y.) 1996); Lohrenz v. Donnelly, 187 F.R.D. 1, 6-7 (D.D.C.1999); Bregman v. District of Columbia, 182 F.R.D. 352, 362 (D.D.C.1998); Land Ocean Logistics, Inc. v. Aqua Gulf Corp., 181 F.R.D. 229, 237 (W.D.N.Y.1998).
Our rules of civil procedure were patterned after the federal rules, and the *342 specific rule involved in this case is identical to the federal rule. It is accordingly appropriate for us to rely on federal decisions when we construe our rule. Savage v. Rowell Distrib. Co., 95 So.2d 415 (Fla. 1957).
We are unable to determine from this record whether the court compelled production because it concluded that letters between the insurer and its lawyer were not privileged, or whether it found a waiver. Because the trial court did not have the benefit of specific descriptions of the documents, we assume that the court found a waiver. On these specific facts we conclude that TIG has not demonstrated that such a finding was a departure from the essential requirements of law which is necessary for certiorari relief. Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla. 1995). We therefore deny certiorari.
STEVENSON and TAYLOR, JJ., concur.