GERSTEN, J.
Petitioner law firm Kaye, Scholer, LLP, and attorney Manuel Kushner, Esq. (hereafter collectively referred to as “Scholer”), seek certiorari review of a trial court order denying their motion to compel discovery. We find the trial court departed from the essential requirements of law, quash the order, and remand with instructions to grant Scholer’s motion to compel production of documents from the respondents.
Respondent, Charles Zalis, and his affiliated companies (hereafter collectively referred to as “respondents”), filed a legal malpractice action against several law firms, including Scholer. Appropriately, Scholer sought discovery relating to its defenses and served the respondents with its first document request in July of 2003.
Thereafter, the respondents sought five extensions of time. Scholer agreed to all five extensions. Meanwhile, the respondents neither served any responses or objection, nor sought any protective order. In the interim, Scholer requested a privileged document log pursuant to Rule 1.280(b)(5). In similar dilatory fashion, the respondents did not provide one.
By November of 2003, Scholer, having still not received any responsive documents,[1] filed a motion to compel and for sanctions. The motion sought the production of the respondents’ documents, as well as a determination that any claims of privilege had been waived pursuant to Florida Rule of Civil Procedure, Rule 1.280(b)(5), based upon the failure to produce a privilege log.
The trial court denied the motion in January of 2004, and Scholer sought reconsideration. In its motion for reconsideration, Scholer explained that although the respondents’ attorney had partially produced certain documents, the respondents themselves had completely failed to produce any documents or a privileged document log. Upon reconsideration denied, Scholer sought certiorari in this Court.
On review, this Court ordered the respondents to file a response. Interestingly, and only after receiving this Court’s order, the respondents now acknowledge their obligation to produce the documents. The respondents state the trial court may have been “confused” about the nature of the production. They argue that any “delay or recalcitrance” in their production of the essential discovery does not justify waiver and does not warrant certiorari. We disagree.
As finally acknowledged by the respondents, they were required to respond to the discovery request pursuant to Florida Rule of Civil Procedure, Rule 1.350. Even if the respondents believed certain documents were privileged or protected from discovery, they were still required to file a privilege log pursuant to Rule 1.280(b)(5). Rule 1.280(b)(5) states:
When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation materi *449 al, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.
 This Rule requires the production of a privilege log in order to preserve a privilege. See TIG Ins. Corp. of America v. Johnson, 799 So.2d 339 (Fla. 4th DCA 2001). The purpose of this requirement is “to identify materials which might be subject to a privilege or work product protection so that a court can rule on the ‘applicability of the privilege or protection’ prior to trial.” General Motors Corp. v. McGee, 837 So.2d 1010, 1033 (Fla. 4th DCA 2002). Failure to comply with the requirements of Rule 1.280(b)(5) results in the waiver of any attorney-client and work-product privileges. See General Motors Corp. v. McGee, 837 So.2d at 1010; Nationwide Mut. Fire Ins. Co. v. Hess, 814 So.2d 1240 (Fla. 5th DCA 2002); TIG Ins. Corp. of America v. Johnson, 799 So.2d at 339.
Although Scholer continuously agreed to numerous enlargements of time, the respondents willfully refused to produce a log, and further took advantage of the trial court’s “confusion” by continuing to delay production of documents. This type of conduct clearly results in a waiver under Rule 1.280(b)(5).
We remind counsel that all attorneys have a professional responsibility of candor toward the court. See R. Regulating Fla. Bar 4-3.3; Hays v. Johnson, 566 So.2d 260 (Fla. 5th DCA 1990), review denied, 576 So.2d 287 (Fla.1991). Just because the respondents have now agreed to produce all responsive documents, does not mean they are absolved from then-professional responsibility. Part of this professional responsibility involves forbearance from unnecessary litigation and its concomitant increased costs. Had the respondents been more attuned to their duty of candor and their proper discovery duties as litigants, Scholer would not have incurred the unnecessary expense of seeking certiorari relief in this Court.
Accordingly, we grant the petition for certiorari, remand with instructions to quash the order denying the motion to compel discovery, and find the respondents have waived any claims of privilege. See TIG Ins. Corp. of America v. Johnson, 799 So.2d at 339; Criswell v. Best Western Int’l, Inc., 636 So.2d 562 (Fla. 3d DCA 1994). The respondents are ordered to promptly produce all documents responsive to the document request. Further, on remand, the trial court shall conduct a hearing to determine a reasonable amount of attorney’s fees to be paid by the respondents to Scholer.
Certiorari granted; order quashed; remanded with instructions.

. Although no documents were produced by the respondents, the respondents' attorney was separately served with a request for production and subpoena duces tecum and did produce twenty eight boxes of discovery.