# Third District Court of Appeal

## State of Florida

Opinion filed March 9, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1655
Lower Tribunal No. F20-3718A
_____

**Kelly Nelson, et al.,**
Petitioners,

vs.

**The State of Florida,**
Respondent.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Carlos J. Martinez, Public Defender, and John Eddy Morrison, Assistant Public Defender, Law Offices of Kawass, P.A., and Kristen A. Kawass, for petitioners.

Ashley Moody, Attorney General, and Brian H. Zack, Assistant Attorney General, for respondent.


Before MILLER, LOBREE, and BOKOR, JJ.

MILLER, J.

Respondent's motion for rehearing is denied. We withdraw our prior opinion and substitute the following opinion in its stead.

Petitioners, Kelly Nelson and Alex John Saiz, seek certiorari review of a lower court order denying their motions for protective order and to quash a subpoena duces tecum.[1] The subpoena requires Saiz, Nelson's former counsel, to produce certain audio and visual recordings, billing and payment records, and telephone numbers, and to further submit to a deposition. Petitioners contend compliance with the subpoena will invade the work product and attorney-client privilege. We find no departure from the essential requirements of law in compelling the production of the requested recordings and documents. Because the undeveloped record before us fails to establish waiver, however, we quash that portion of the order allowing deposition inquiry into communications protected by attorney-client privilege.

## BACKGROUND

The facts relevant to the petition are largely undisputed. After Nelson was jailed for armed robbery and detained without bond, the alleged victim in the case was murdered in front of her three-year-old daughter. Before

---

[1] At his request, we have realigned Saiz as an additional petitioner in these proceedings.

news sources reported the identity of the victim, Saiz contacted the prosecutor on the case and informed him the victim was dead. Saiz told the prosecutor he had received the information from Nelson, who had purportedly informed Saiz he learned of the murder from a news outlet.

The State issued a subpoena duces tecum, directing Saiz to appear for deposition and produce the following documents: (1) video or audio recordings involving the victim and an individual affiliated with the underlying robbery case; (2) billing and payment details relating to his representation of Nelson; and (3) telephone numbers for the affiliate and her associates. Importantly, the subpoena did not place any limit on the areas of deposition inquiry.

Saiz filed, and Nelson later adopted, the motions under review, contending the subpoena targeted information protected by attorney-client privilege and the requested documents constituted work product.[2] The trial court convened a hearing on the motions.

At the hearing, the State argued it was unable, without undue hardship, to obtain the substantial equivalent of the subpoenaed documents and recordings. It further argued that although confidential conversations

---

[2] We summarily reject petitioners' further claims that certain subpoenaed documents and recordings are shielded from disclosure by attorney-client privilege.

3

between Saiz and Nelson were cloaked in attorney-client privilege, voluntary disclosure to the prosecutor constituted a waiver as to those communications relating to the homicide. Saiz disputed, both orally and in writing, the details of the conversation.

At the conclusion of the hearing, the court denied the motions. Reconsideration proved futile, and the instant petition ensued.

## STANDARD OF REVIEW

Although "[c]ertiorari is an extraordinary remedy that is available only in limited circumstances," it is warranted when an order results in a material injury for the remainder of the case, which cannot be corrected on plenary appeal, and departs from the essential requirements of law. Charles v. State, 193 So. 3d 31, 32 (Fla. 3d DCA 2016); see Fernandez-Andrew v. Fla. Peninsula Ins. Co., 208 So. 3d 835, 837 (Fla. 3d DCA 2017). Orders granting the discovery of privileged materials, by deposition or otherwise, are amenable to certiorari review because plenary appeal in such circumstances seldom provides adequate redress. McGarrah v. Bayfront Med. Ctr., Inc., 889 So. 2d 923, 925 (Fla. 2d DCA 2004).

## LEGAL ANALYSIS

We discern no error in the compelled production of recordings, billing and payment records, and telephone numbers. These documents

4

constitute, at best, fact work product, and the State has made a reasonable showing of need and inability to obtain the substantial equivalent without undue hardship. See State v. Rabin, 495 So. 2d 257, 262 n.6 (Fla. 3d DCA 1986); Dade Cnty. Sch. Bd. v. Soler, 534 So. 2d 884, 885 (Fla. 3d DCA 1988); see also E. Air Lines, Inc. v. Gellert, 431 So. 2d 329, 331 (Fla. 3d DCA 1983); In re Slaughter, 694 F.2d 1258, 1260 (11th Cir. 1982). Further, nothing in the trial court's order precludes the redaction of any mental impressions or opinions prior to disclosure. See Finol v. Finol, 869 So. 2d 666 (Fla. 4th DCA 2004). Thus, we turn our analysis to the deposition.

Codified in section 90.502, Florida Statutes (2022), "[t]he attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." Upjohn Co. v. United States, 449 U.S. 383, 389 (1981). "It is therefore not only an interest long recognized by society but also one traditionally deemed worthy of maximum legal protection." Am. Tobacco Co. v. State, 697 So. 2d 1249, 1252 (Fla. 4th DCA 1997) (quoting Haines v. Liggett Grp. Inc., 975 F.2d 81, 90 (3d Cir. 1992)). The privilege developed to encourage "full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." Upjohn Co., 449 U.S. at 389. To that end, the attorney must "know all that relates to the client's

5

reasons for seeking representation if the professional mission is to be carried out." Trammel v. United States, 445 U.S. 40, 51 (1980).

Although waiver of attorney-client privilege is not favored under Florida law, assigning the burden of proof in such cases is an unclear exercise. See TIG Ins. Corp. of Am. v. Johnson, 799 So. 2d 339, 341 (Fla. 4th DCA 2001). In the federal courts, there is a lack of uniformity as to whether the party asserting the privilege or the party asserting waiver bears the burden. See John W. Gergacz, Attorney-Corporate Client Privilege § 5:13 (2021 ed.). This is because assigning the burden of proof depends on how a court characterizes the waiver doctrine. Id.

Florida courts, however, generally assign to the party seeking to establish waiver the burden of producing evidence supporting such a finding. See Fla. House of Representatives v. Expedia, Inc., 85 So. 3d 517, 525 (Fla. 1st DCA 2012) ("Expedia claims that it is necessary to prove that it did not provide the documents independently, so that it can refute a claim that it had waived the attorney-client privilege with respect to the documents. The problem with this claim is that the burden of proving a waiver is on the counties."); Deloitte, Haskins & Sells v. S. Fin. Holding Corp., 566 So. 2d 906, 906 (Fla. 4th DCA 1990) ("To obtain access to these [financial records], respondent must make out a prima facie case that Central . . . has waived

its [accountant-client] privilege."); <u>Palm Beach Cnty. Sch. Bd. v. Morrison</u>, 621 So. 2d 464, 469 (Fla. 4th DCA 1993) (placing burden on party seeking disclosure to prove patient waived psychotherapist-patient privilege); <u>Zarzaur v. Zarzaur</u>, 213 So. 3d 1115, 1120 (Fla. 1st DCA 2017) ("Any disclosures beyond what Wife agreed to provide the independent psychologist may be ordered only upon a record of competent, appropriately relevant, and timely evidence showing an actual or involuntary waiver by the Wife within the meaning of the relevant authorities."); <u>see also</u> <u>Haskell Co. v. Ga. Pac. Corp.</u>, 684 So. 2d 297, 298 (Fla. 5th DCA 1996) ("When a privilege is facially apparent, the burden is on the party seeking disclosure to show that the privilege does not apply."); <u>Brown v. Montanez</u>, 90 So. 3d 982, 986 (Fla. 4th DCA 2012) ("The party seeking the privileged documents has the burden of proving that an exception to the privilege applies."); <u>First Union Nat. Bank v. Turney</u>, 824 So. 2d 172, 183 n.9 (Fla. 1st DCA 2001) ("Just as the proponent of the privilege has the burden of proof as to facts which give rise to the privilege, the party seeking to abrogate the privilege has the burden to prove facts which would make an exception to the privilege applicable."). This, in turn, may be refuted by the holder of the privilege.

To satisfy the initial burden, the party asserting waiver must establish that the client relinquished any right to maintain the confidentiality of the

7

communication. Section 90.507, Florida Statutes, offers guidance in this arena, providing, in relevant part:

> A person who has a privilege against the disclosure of a confidential matter or communication waives the privilege if the person, or the person's predecessor while holder of the privilege, voluntarily discloses or makes the communication when he or she does not have a reasonable expectation of privacy, or consents to disclosure of, any significant part of the matter or communication.

It is well-settled that the client is the holder of the privilege, not the attorney. See Hunt v. Blackburn, 128 U.S. 464, 470 (1888); Neu v. Miami Herald Publ'g. Co., 462 So. 2d 821, 825 (Fla. 1985). Thus, the attorney may not terminate the privilege unilaterally. See Owners Ins. Co. v. Armour, 303 So. 3d 263, 268 (Fla. 2d DCA 2020). It is equally true, however, that ordinarily "an attorney has the implied authority to make disclosures in the course of litigation that will result in a waiver of the attorney-client protection for the matters disclosed." Charles W. Ehrhardt, Ehrhardt's Florida Evidence § 502.8 (2018 ed.). There are exceptions, of course, including inadvertent and bad faith disclosures. Id.

Harmonizing these competing principles, we conclude that the disclosure of privileged material by counsel is relevant to determining the existence of waiver. It is not, however, dispositive. Instead, further

8

consideration of the totality of the circumstances and the resultant reasonable inferences is warranted.

In the instant case, the State proffered only that Saiz disclosed the privileged communication to the prosecutor. Saiz disputed the details of the conversation. There was no evidentiary inquiry or further proffer concerning the context of the disclosure.

Under these circumstances, we conclude that the proffer, without more, was insufficient to support the proposition that Nelson, as opposed to Saiz, waived the privilege. Accordingly, we quash that portion of the order requiring Saiz to submit to deposition.[3]

Petition denied in part and granted in part.

---

[3] Our decision should not be construed as foreclosing the right of the State to depose Saiz upon a proper showing of waiver.