861 So.2d 1248 (2003)
METRIC ENGINEERING, INC., Appellant,
v.
Ernest SMALL, individually etc., et al, Appellee.
No. 1D03-3261.
District Court of Appeal of Florida, First District.
December 16, 2003.
*1249 Michael D. West, Jaken E. Roane; Huey, Guilday, Tucker, Schwartz & Williams, P.A., Tallahassee, for Appellant.
B. Shannon Saunders; Cochran, Cherry, Givens, Smith, Lane & Taylor, P.C., Dothan, Alabama, for Appellee.
HAWKES, J.
A mother and her two young children were killed in a construction zone when the car she was driving crossed the center line *1250 into oncoming traffic. Her husband, Ernest Small, obtained an order compelling discovery of photographs and measurements of the accident scene taken by Metric Engineering shortly after the accident. Metric Engineering seeks certiorari review of that order, arguing that the photographs and measurements are protected attorney work product and not discoverable. We grant the writ and quash the order.
Factual information or materials pertaining to the client's case and prepared or gathered in connection with the client's case, may qualify as protected attorney work product. See State v. Rabin, 495 So.2d 257 (Fla. 3rd DCA 1986); see also Progressive Am. Ins. Co. v. Lanier, 800 So.2d 689 (Fla. 1st DCA 2001). The material does not need to actually be gathered by the attorney to be work product, but must be gathered in anticipation of litigation. See Snyder v. Value Rent-A-Car, 736 So.2d 780 (Fla. 4th DCA 1999). Discovery of this information or material can only be permitted if "the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fla. R. Civ. P. 1.280(b)(3).
After Metric Engineering objected to Small's request for production of Metric's photographs and measurements, Small filed a motion to compel. No sworn testimony or other evidence was taken at the subsequent hearing. The trial court made its ruling compelling discovery based on counsel's assertion that the photographs and measurements taken by the Florida Highway Patrol in their homicide report, and the photographs and measurements taken by another contractor, all of which were previously provided to Small, were inconsistent with each other, and that this inconsistency created a "need" for Metric's photographs and measurements. Counsel's bare assertions, unsupported by any evidence, are inadequate to show the "need" and "undue hardship" required for production of work product documents, and cannot justify compelled discovery. See Procter & Gamble Co., 462 So.2d at 1195; see also CSX Transp., Inc. v. Carpenter, 725 So.2d 434 (Fla. 2nd DCA 1999). To show "need," a party must present testimony or evidence demonstrating the material requested is critical to the theory of the requestor's case, or to some significant aspect of the case. Once the trial court knows the requestor's theory as to why the items are needed and how the material could potentially help the requesting party's case, the trial court should then conduct an in camera review. During this review, the trial court can evaluate whether the contested materials provide the requisite evidentiary value alleged by the requesting party, and determine whether the requested materials are substantially similar to materials already available. In most situations, mere inconsistency alone does not establish the requisite need.
In quashing this order we direct the trial court to hold an evidentiary hearing to allow Small an opportunity to present his theory of need for the requested material, and to establish an undue hardship exists in obtaining the information any other way. If Small establishes an evidentiary foundation for the materials, the trial court should then review the materials in camera to determine whether the material requested conforms with the theory presented. See generally, Fla. E. Coast Ry., L.L.C. v. Jones, 847 So.2d 1118 (Fla. 1st DCA 2003) (quashing order compelling discovery; noting trial court should have conducted in camera hearing to determine whether deposition questions elicited information protected by work product privilege).
*1251 PETITION FOR WRIT GRANTED; ORDER QUASHED; REMANDED FOR FURTHER PROCEEDINGS.
BROWNING, and POLSTON, JJ., concur.