912 So.2d 336 (2005)
Ward L. HUET and Joan Huet, his Wife, Petitioners,
v.
Hillary TROMP and Andre Tromp, her Husband, Respondents.
No. 5D05-628.
District Court of Appeal of Florida, Fifth District.
September 9, 2005.
Rehearing Denied October 10, 2005.
*337 Christopher L. Casey and H. Keith Thomerson of Hinshaw & Culbertson, Jacksonville, for Petitioners.
Robert C. Gobelman and Michael D. Kendall of Gobelman, Love, Gavin, Blazs & Wasilenko, Jacksonville, for Respondent.
SHARP, W., J.
Ward L. and Joan Huet, petitioners, seek certiorari review of a discovery order that denied their motion for a protective order and permitted Hillary and Andre Tromp, respondents below, to conduct the depositions duces tecum of three persons who performed investigations and surveillance on the activities and injuries of Hillary Tromp. The Huets contend this discovery order is a departure from the essential requirements of the law because the information and documents sought to be discovered are the results of their investigations pending this litigation and therefore they are protected by the work-product privilege. We agree and issue the writ.
This case arose out of a suit filed by the Tromps for damages allegedly suffered by Hillary Tromp, in an automobile accident in which Ward Huet was the driver. He admitted fault and liability and the sole issue for trial was damages. In preparation for the trial, the Huets hired two private investigative firms, Mulholland Investigation and Security Consulting, Inc. (Mulholland), and American Investigative Support (American), to investigate Hillary's injuries and conduct surveillance on her activities.
Pursuant to the trial court's order setting jury trial and directing pre-trial procedure, the Huets served the Tromps with a defendants' witness list. It included the names of Victor Land and William Burns with Mulholland, and Scott Mullenix, with American. Ultimately the Huets decided not to call these investigators as witnesses and they informed the Tromps of that fact.
The Tromps then served three notices of taking the depositions duces tecum on Burns, Land and Mullenix. The Huets moved for a protective order, asserting they did not intend to call the investigators as witnesses nor use any of the materials generated by them. They argued that the depositions duces tecum of these investigators would violate the work-product privilege doctrine.[1]
On February 16, 2005, the trial court denied the Huets' motion on the ground that the investigators were listed on the Huets' witness list, and thus the Tromps were entitled to depose them. However, the trial court made no determination, sight unseen, about whether the witnesses could be deposed based on their knowledge of the case, relying on Cotton States Mutual *338 Insurance Co. v. Turtle Reef Assoc., Inc., 444 So.2d 595 (Fla. 4th DCA 1984). That case held that the work product privilege attaches to statements and materials prepared by a party's investigator or insurer, if they were prepared in contemplation of litigation. In order to make that determination, the trial court had to inspect the contents of the insurer's investigator's file.
The Huets filed an amended witness list on February 17, 2005, which omitted the three investigators as witnesses. Again the Tromps served notices of taking a deposition duces tecum on the three investigators. The Huets moved for an emergency rehearing of the denial of their motions for a protective order, asserting that their amended witness list no longer included the investigators' names. The trial court denied the motion, but stayed the discovery pending the disposition of this petition by this court. That is the order for which the Huets now petition this court for certiorari review.
Certiorari is the appropriate remedy when a discovery order departs from the essential requirements of the law, and thus causes material injury to the petitioner, without any effective remedy on appeal. Allstate Ins. Co. v. Boecher, 733 So.2d 993 (Fla.1999). Discovery of material protected by privilege or work product may cause irreparable injury because the erroneous discovery is deemed "cat-out-of-the-bag," in nature. See Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla.1995).
The Huets contend that the discovery sought is protected as work-product because the Huets no longer plan to call the investigators as witnesses, and they were retained by them expressly to prepare for this litigation. The Tromps argue that there is no statute or rule that protects private investigators and their visual observations, investigations and conversations because they do not fit the definition of work product in Florida Rule of Civil Procedure 1.280(b)(3). The rule expressly covers "documents and tangible things ... prepared in anticipation of litigation or for trial." See State v. Castellano, 460 So.2d 480 (Fla. 2d DCA 1984). That case held that a mediator's observations of a person charged with a crime, in a mediation session, was not privileged under any statute or rule.
Information relating to a matter which is the subject of litigation, which is received by a party's attorneys from investigators and adjusters in anticipation of or in connection with litigation, is protected by the work product privilege. See Seaboard Air Line R. Co. v. Timmons, 61 So.2d 426 (Fla.1952); Federal Express Corp. v. Cantway, 778 So.2d 1052 (Fla. 4th DCA 2001). An investigator employed by a party may not be required to produce the work-product of his or her investigations, except in unusual circumstances constituting compelling necessity for the discovery in order to reach the merits of the cause. See Cavalere v. Graham, 423 So.2d 428 (Fla. 5th DCA 1982).
However, a party may waive the work product privilege with respect to matters covered by an investigator's anticipated testimony when a party elects to present the investigator as a witness. See United States v. Nobles, 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975).
In American Motors Corp. v. Ellis, 403 So.2d 459 (Fla. 5th DCA 1981), rev. denied, 415 So.2d 1359 (Fla.1982), this court held that a waiver of work-product privilege had occurred, relying in part on Dodson v. Persell, 390 So.2d 704 (Fla.1980). In that case, the Florida Supreme Court held that the contents of surveillance films and materials are subject to discovery in every instance where they are intended to be *339 presented at trial, either for substantive, corroborative or impeachment purposes. The court reasoned that if materials are to aid counsel in trying a case, they are work product, but any work product privilege that existed ceases once the materials or testimony are intended for trial use. See 5500 North Corp. v. Willis, 729 So.2d 508 (Fla. 5th DCA 1999). See also Alamo Rent-A-Car v. Loomis, 432 So.2d 746 (Fla. 4th DCA 1983); Wackenhut Corp. v. Crant-Heisz Ent., Inc., 451 So.2d 900 (Fla. 2d DCA 1984).
The first order denying the Huets' motion for a protective order rendered February 16, 2005, was correctly decided because the Huets had included these investigators on their witness lists, and indicated they intended to call them to present testimony and evidence at trial. See Persell; Ellis. The controlling issue here, however, is the efficacy of the Huets' subsequent attempt to solve their problem by filing an amended witness list which removed any reference to the three investigators and then filing a motion for rehearing, arguing a change of circumstances.
We elect to treat this motion as a motion for reconsideration, in light of a change of circumstances.[2] In a case similar to this, the court in National Enterprises, Inc. v. Martin, 679 So.2d 331 (Fla. 4th DCA 1996), reversed an order denying rehearing. In that case, the trial court dismissed a claim for a deficiency judgment because a party did not introduce evidence of an ownership interest in the form of a note or assignment from the FDIC. The party moved for rehearing, attaching as an exhibit an assignment from the FDIC, establishing its interest in the subject of the foreclosure. The fourth district held that the written assignment attached to the motion for rehearing established the party's interest and supplied the essential element, the absence of which was the basis for the earlier dismissal.
That is, in essence, what occurred here. Having struck the three investigators from the witness list, the Huets cured the basis for the prior ruling. The trial court was placed in the position it had declined to address before. Can the witnesses be deposed as to "fact" work product? See State v. Rabin, 495 So.2d 257 (Fla. 3d DCA 1986) ("fact" work product is subject to discovery only after a showing of need).
Clearly any documents, reports or video tapes prepared by the investigators are now protected by the work product privilege. Furthermore, the Tromps cannot obtain indirectly what they cannot obtain directly by merely labeling the contents of the investigators' reports as "observations." The investigators' "observations" are the equivalent of any documents or *340 reports they may have generated in the course of their investigations and are discoverable only under the conditions in rule 1.280(b)(3).[3] As the court in Alachua General Hospital v. Zimmer USA, Inc., 403 So.2d 1087 (Fla. 1st DCA 1981) explained:
It is clear that communications, reports, memoranda, etc., prepared in anticipation of litigation and passing between a client and his attorney, and/or their employed investigators, are work product. An investigator cannot properly be required, in a discovery deposition, to reveal the contents of such communication or reports relating to the circumstances of the incident or his investigation thereof, absent proof of the adverse party's need and inability to obtain the materials without undue hardship. (emphasis added)
403 So.2d at 1088.
Likewise, the investigators' "observations" are the equivalent of the contents of any video tapes they may have prepared in the course of their investigation. In Dodson, the Florida Supreme Court held that if surveillance movies or photographs will not be used as evidence, the contents are discoverable only upon a showing of exceptional circumstances:
[I]n limited instances, the contents of surveillance materials that are not intended to be submitted as evidence are subject to discovery if they are unique and otherwise unavailable, and materially relevant to the cause's issues. An example is a photograph of a scene which has been changed or cannot be reproduced. (footnote omitted) The philosophy of this type of discovery was clearly expressed in Hickman v. Taylor, [329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)] where the Court stated:
We do not mean to say that all written materials obtained or prepared by an adversary's counsel with an eye toward litigation are necessarily free from discovery in all cases. Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had. Such written statements and documents might, under certain circumstances, be admissible in evidence or give clues as to the existence or location of relevant facts. Or they might be useful for purposes of impeachment or corroboration. And production might be justified where the witnesses are no longer available or can be reached only with difficulty.
329 U.S. at 511, 67 S.Ct. at 394.
This type of discovery, however, is of limited application. Clearly, one party is not entitled to prepare his case through the investigative work product of his adversary where the same or similar information is available through ordinary investigative techniques and discovery procedures.
390 So.2d at 707-708.
Even if we were to assume the investigators' observations were considered merely "facts" as opposed to work product, *341 Rule 1.280(b)(4)(B) provides that a party may discover facts known by an expert retained in anticipation of litigation only upon a showing of exceptional circumstances:
(4)(B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in rule 1.360(b) [not applicable here] or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.
In Gilmor Trading Corp. v. Lind Electric, Inc., 555 So.2d 1258 (Fla. 3d DCA 1990), the court rejected the notion that experts retained by one party were fact witnesses who could be deposed by the opposing party. In that case, Gilmor filed suit against Lind for damages arising from a fire on Gilmor's business premises, which allegedly was caused by Lind. Gilmor's counsel hired two experts who did some work, but then were directed to close their files. Gilmor did not intend to call these experts at trial. Nevertheless, Lind moved to compel the taking of the experts' depositions and the motion was granted. Gilmor then petitioned for a writ of certiorari to review that order.
On review, the court noted that where an expert has been hired in anticipation of litigation, but was not expected to be called as a witness, the facts known or opinions held by the expert are deemed to be work product and may be discovered only upon a showing of exceptional circumstances, as provided in rule 1.280(b)(4)(B). The court found Lind had not demonstrated the necessary exceptional circumstances to justify invading the work-product immunity and granted certiorari.
In granting relief to Gilmor, the court also rejected Lind's argument that the experts were merely "fact" witnesses:
Lind's initial argument, that Gilmor's not-to-be-called experts are actually fact witnesses, is without basis. Lind's claim that these experts should be deemed to be in the category of treating physicians, see Sipes v. United States, 111 F.R.D. 59 (S.D.Cal.1986), is inapposite. There is no showing whatsoever that the experts performed any services in "treatment," i.e., maintenance or repair of the damaged facilities. Their sole role, as disclosed by this record, is that of experts engaged by counsel.
555 So.2d at 1260. See also ITD Industries, Inc. v. Morrell, 459 So.2d 1163 (Fla. 2d DCA 1984) (plaintiffs were not entitled to name and address of defendant's expert or to depose the expert where defendant did not intend to use expert at trial, absent showing of exceptional circumstances); Wackenhut Corp. v. Crant-Heisz Enterprises, Inc., 451 So.2d 900 (Fla. 2d DCA 1984) (if an expert has been hired to conduct an investigation in anticipation of litigation, his reports and memoranda constitute materials compiled in preparation for trial and he cannot be required to reveal the findings relevant to his investigation, absent proof of the adverse party's need and inability to obtain the materials without undue hardship).
Accordingly, we quash the order denying rehearing without prejudice to the Tromps to make the required showing of exceptional circumstances needed to overcome the work product privilege.
Petition for Writ of Certiorari GRANTED; Order QUASHED; REMANDED.
PLEUS, C.J., and MONACO, J., concur.
NOTES
[1] Fla. R. Civ. P. 1.280(b)(3).
[2] Florida Rule of Civil Procedure 1.530 authorizes motions for rehearing directed to final summary judgments or final judgments. There is no provision in the rules authorizing the filing of a motion for rehearing of a non-final order. See Caufield v. Cantele, 837 So.2d 371, 376 n. 3 (Fla.2002); Wagner v. Bieley, Wagner & Assoc., Inc., 263 So.2d 1 (Fla.1972); Deal v. Deal, 783 So.2d 319, 321 (Fla. 5th DCA 2001); Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386, 1390 n. 6 (Fla. 3d DCA 1986), rev. denied, 494 So.2d 1153 (Fla.1986); Padovano, Florida Civil Practice § 22.9 (2004-2005 ed.); Berman, Florida Civil Procedure, § 530.3[4] (2004 ed.). However, a trial judge has judicial power to correct an erroneous interlocutory order and may entertain a motion for rehearing to accomplish that objective. See Padovano, Florida Civil Practice § 22.9 (2004-2005 ed.). Trawick provides a solution to this apparent conflict by suggesting that a motion for rehearing directed to an interlocutory order is incorrectly designated and actually constitutes a motion for reconsideration. See Trawick, Trawick's Florida Practice and Procedure, § 15-4 (2005 ed.). See also Francisco, 486 So.2d at 1388 n. 2.
[3] (b) Scope of Discovery. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

* * * * * *
(3) Trial Preparation: Materials. Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative, including that party's attorney, consultant, surety, indemnitor, insurer, or agent, only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means.