937 So.2d 293 (2006)
Lin Castre GOSMAN, an individual, Petitioner,
v.
Joseph J. LUZINSKI, as Trustee of the Bankruptcy Estate of Abraham David Gosman, Respondent.
No. 4D06-1896.
District Court of Appeal of Florida, Fourth District.
September 20, 2006.
*294 Stephen Rakusin of The Rakusin Law Firm, Fort Lauderdale, for petitioner.
Craig S. Barnett of Greenberg Traurig, P.A., Fort Lauderdale, and Mark D. Bloom, Elliot H. Scherker, Elliot B. Kula, and Daniel M. Samson, Miami, for respondent.
WARNER, J.
The petitioner seeks certiorari review of an order of the circuit court compelling the production of documents and determining that petitioner waived her attorney-client privilege by failing to file a privilege log, even though she moved for an extension of time to file one. We grant the petition.
In connection with an action by a bankruptcy trustee seeking to set aside transfers from the debtor to his wife, the trustee served a discovery request on the wife seeking documents relating to her ownership and residence at various properties. The request demanded documents regarding ownership and use over a ten-year period. The wife timely filed a response to the request, in which she objected to its overbreadth and burdensomeness as beyond any relevant time frame for the underlying litigation. Subject to that objection, the wife stated that she would produce the requested documents, except those that violated the attorney-client privilege, accountant-client privilege, work-product privilege, and Fifth Amendment right against self-incrimination. Within that response and objection the wife also objected to the preparation of a privilege log as demanded in the request to produce, because the request required more identifying information as to each *295 document of claimed privilege than was required by the rule. However, if the court determined that a privilege log would be required under the request, the wife requested a thirty day extension to prepare it.
Shortly thereafter, the wife filed a motion to dismiss the complaint against her, and the court denied the motion approximately five months later. Four days after the denial of the wife's motion, the trustee moved to compel production of documents and claimed that the wife had waived any privilege by failing to file a privilege log. At the hearing on the motion to compel, the trustee agreed to limit the request for production to a year-and-a-half prior to the request but continued to insist that the wife had waived any claim of privilege by failing to file a privilege log and not obtaining an extension. The trial court entered an order granting the motion to compel but limiting the document production to the year-and-a-half prior to the request. However, it also determined that the wife had waived any privilege by failing to file a privilege log or requesting an extension.
Certiorari review is proper when a discovery order compels production of privileged materials. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987). An order which improperly compels discovery of attorney-client privileged documents is reviewable by certiorari. See United Servs. Auto. Ass'n v. Crews, 614 So.2d 1213 (Fla. 4th DCA 1993).
Florida Rule of Civil Procedure 1.350(b) provides as follows with respect to requests for production:
(b) Procedure. Without leave of court the request may be served on the plaintiff after commencement of the action and on any other party with or after service of the process and initial pleading on that party.... The party to whom the request is directed shall serve a written response within 30 days after service of the request, except that a defendant may serve a response within 45 days after service of the process and initial pleading on that defendant.... For each item or category the response shall state that inspection and related activities will be permitted as requested unless the request is objected to, in which event the reasons for the objection shall be stated.... The party submitting the request may move for an order under rule 1.380 concerning any objection, failure to respond to the request, or any part of it, or failure to permit inspection as requested.

(emphasis added). Rule 1.380(a)(2) provides that where a party fails to permit inspection, the party requesting the production of documents may move for an order compelling inspection.
Rule 1.280(b)(5) requires the creation of a privilege log as to materials sought to be protected from production:

Claims of Privilege or Protection of Trial Preparation Materials. When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.
(emphasis added). Although waiver of the attorney-client privilege and work-product privileges is not favored in Florida, the rule is mandatory and a waiver can be found by failure to file a privilege log. See TIG Ins. Corp. of Am. v. Johnson, 799 So.2d 339 (Fla. 4th DCA 2001). Nevertheless, *296 as noted in Bankers Security Insurance Co. v. Symons, 889 So.2d 93, 95 (Fla. 5th DCA 2004),
Attorney-client privilege and work-product immunity are important protections in the adversarial legal system, and any breach of these privileges can give one party an undue advantage over the other party. Florida's courts generally recognize that an implicit waiver of an important privilege as a sanction for a discovery violation should not be favored, but resorted to only when the violation is serious.
A party is required to file a log only if the information is "otherwise discoverable." Where a party claims that the production of documents is burdensome and harassing, such as was done here, the scope of the discovery is at issue.[1] Until the court rules on the request, the party responding to the discovery does not know what will fall into the category of discoverable documents. If the party is correct in her assertion that the documents requested are burdensome to produce, why should she still go through all the requested documents to determine which ones are privileged, even though none of them may be required to be produced because the request is burdensome?
Here, the trustee requested ten years worth of documents which the wife objected to as burdensome and irrelevant. She also asserted various privileges. She did not ignore her obligation to file a privilege log but affirmatively recognized it by requesting an extension of time in which to file it once the court determined the proper scope of the production. By filing her objection, she complied with rule 1.350(b), permitting the trustee to bring a motion to compel the production and then allowing the court to determine the validity of the objection. In fact, her objection was well-taken, because at the hearing the trustee essentially conceded its overbreadth by agreeing to production of only a year-and-a-half of documents.
Before a written objection to a request for production of documents is ruled upon, the documents are not "otherwise discoverable" and thus the obligation to file a privilege log does not arise. Once the objection is ruled upon and the court determines what information is "otherwise discoverable," then the party must file a privilege log reciting which documents are privileged. If it is not done in that order, then the party faced with an unduly burdensome document request still has to obtain and review all the documents to determine which are privileged, even though the court may later limit the scope of the request if it was unduly burdensome.
The trustee faults the wife for failing to secure a ruling on her motion for extension of time at an earlier time. However, such an argument assumes that without such an extension, the wife was required to file a privilege log. In our view, the objection to the discovery as burdensome essentially "tolled" the obligation to file a privilege log until that objection was ruled upon. Therefore, the wife did not have to seek an extension of time independent of her previously filed objection to the scope of discovery.
Because the wife followed the procedural rules, the court departed from the essential requirements of law in concluding that failure to file a privilege log in these *297 circumstances constituted a waiver of the privileges. We grant the writ.
STEVENSON, C.J., and HAZOURI, J., concur.
NOTES
[1] Obviously, if the sole objection to discovery were that it sought privileged documents, then compliance with Rule 1.280(b)(5) would be required prior to any hearing on the objection as the information contained in the privilege log would be necessary to "assess the applicability of the privilege or protection."