958 So.2d 1003 (2007)
Pamela NEVIN, Petitioner,
v.
PALM BEACH COUNTY SCHOOL BOARD and F.A. Richard & Associates, Respondents.
No. 1D06-4967.
District Court of Appeal of Florida, First District.
May 25, 2007.
*1004 Bill McCabe, Tallahassee, for Petitioner.
Hinda Klein, Conroy, Simberg, Ganon, Krevans, Abel, Lurvey, Morrow & Schefer P.A., Hollywood, for Respondents.
HAWKES, J.
Petitioner seeks certiorari review of the judge of compensation claims' (JCC) order compelling her to make her expert, who is not expected to testify, available for deposition. Petitioner argues her expert's opinions constitute non-discoverable work-product. We agree, and conclude the JCC's order requiring the forced release of work-product constitutes a departure from the essential requirements of law. Accordingly, we grant the Petition and quash the order.[1]

FACTS
Petitioner filed a Petition for Benefits (PFB) alleging her regular and ongoing exposure to mold, mildew, and other occupational irritants resulted in pulmonary and bronchial injuries. Allegedly, these injuries include shortness of breath, headaches, pressure in her ears, burning eyes, a metallic taste in her mouth, sinus pressure, eye pressure, and the presence of a thick green mucus. Respondent denied the claim.
Petitioner's counsel requested all physical evidence pertaining to Petitioner's *1005 place of employment, a school building, be preserved in its original condition. Specifically, counsel requested there be no tampering, remodeling, or alteration of the school building until after an appropriate inspection had been conducted. The parties agreed to have their respective experts inspect the school on May 24, 2003.
Through discovery, Respondent sought production of the report of Petitioner's expert, Dr. Salazar;[2] all correspondence to and from Dr. Salazar regarding the school building; all raw data, notes, memoranda, correspondence, and documents generated by Dr. Salazar regarding the onsite inspection of the school building; and all test results relating to the onsite inspection of the school building. Petitioner responded by asserting work-product objections to each of Respondent's requests. There is no evidence that Petitioner filed a privilege log in conjunction with its response. Respondent then moved to compel production of the documents, noticed Dr. Salazar for deposition, and subpoenaed Dr. Salazar duces tecum for his deposition.
The parties subsequently entered into a pre-trial stipulation, which indicated Petitioner sought compensability of, and various medical benefits for, the injuries outlined in her PFB. Pursuant to the stipulation, Respondent defended by asserting Petitioner's condition was not compensable. A witness and exhibit list included in the stipulation did not include Dr. Salazar. The JCC approved the stipulation.
Petitioner then moved for a protective order to prevent Dr. Salazar's scheduled deposition. As grounds, Petitioner argued Dr. Salazar's "work and investigation" were undiscoverable work-product, because he was hired by her attorney to perform pretrial investigations and he was acting as an agent of the firm. The JCC issued an order granting the protective order in part, stating if Petitioner intended to "use" Dr. Salazar, Petitioner was required to provide Respondent with a generalized statement of his testimony and make him available for deposition.
Respondent filed another request to produce, essentially seeking the same items sought in the first request to produce. Petitioner responded by indicating "none" for some requests, and "objection work product" for other requests. Respondent moved to dismiss Petitioner's PFB. The JCC denied the motion, but ordered Petitioner to produce a summary of Dr. Salazar's opinion within ten days. The JCC further ordered that failure to comply with this order would result in Respondent being entitled to depose Dr. Salazar at Petitioner's expense.
Petitioner timely filed a "Response to Court Order," which informed the JCC that no final decision had been made regarding the identity of Petitioner's expert, and the decision would be made following an interview with another expert. This interview was set to occur within the next two weeks. The response also reiterated that Dr. Salazar was employed by Petitioner through her attorneys, and was working as a private consultant  not an expert witness. Petitioner asserted that Dr. Salazar would provide no testimony at trial, and objected to taking Dr. Salazar's deposition because he was not designated as Petitioner's expert witness.
Respondent then propounded a third request to produce, again, seeking essentially the same items sought in the first request, and noticed another deposition date for Dr. Salazar. Respondent served Dr. Salazar with a subpoena duces tecum for *1006 this new date. Petitioner again filed a motion for protective order, seeking to prevent the deposition. Once again, the motion argued Dr. Salazar had been employed by Petitioner through her attorneys as a private consultant, not as an expert witness, that Dr. Salazar would not provide any testimony at trial, and that he could not be deposed unless he was designated as Petitioner's expert witness.
Respondent filed a motion to compel production of the documents requested. Petitioner responded "None in possession" and "None" for some requests, and "Objection, privileged, work-product" for other requests. Following a hearing on Petitioner's motion for a protective order, the JCC denied the motion and compelled Petitioner to make Dr. Salazar available for deposition within thirty days.

WORK-PRODUCT PRIVILEGE
This court has stated "[f]actual information or materials pertaining to the client's case and prepared or gathered in connection with the client's case, may qualify as protected attorney work-product." Metric Eng'g, Inc. v. Small, 861 So.2d 1248, 1250 (Fla. 1st DCA 2003) (citations omitted). In clarifying what qualifies for work-product protection, Florida courts have held:
Information relating to a matter which is the subject of litigation, which is received by a party's attorneys from investigators and adjusters in anticipation of or in connection with litigation, is protected by the work product privilege. See Seaboard Air Line R. Co. v. Timmons, 61 So.2d 426 (Fla.1952); Federal Express Corp. v. Cantway, 778 So.2d 1052 (Fla. 4th DCA 2001).
Huet v. Tromp, 912 So.2d 336, 338 (Fla. 5th DCA 2005). Such material need not be gathered by the attorney to constitute work-product, but must merely be gathered in anticipation of litigation. See Small, 861 So.2d at 1250 (citations omitted).
"An investigator employed by a party may not be required to produce the work-product of his or her investigations, except in unusual circumstances constituting compelling necessity for the discovery in order to reach the merits of the cause." Huet, 912 So.2d at 338 (citations omitted). Where an expert has been specially employed in anticipation of litigation but is not expected to be called as a witness at trial, the facts known or opinions held by the expert are deemed to be work-product and may be discovered only "upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Fla. R. Civ. P. 1.280(b)(4)(B)[3]; Gilmor Trading Corp. v. Lind Elec., Inc., 555 So.2d 1258, 1259 (Fla. 3d DCA 1989); see also Small, 861 So.2d at 1250.
To demonstrate a "need," sufficient to compel discovery of work-product materials, "a party must present testimony or evidence demonstrating that the material requested is critical to the theory of the requestor's case, or to some significant aspect of the case." Small, 861 So.2d at *1007 1250. The trial court should then conduct an in camera review of the requested materials to determine whether the materials are needed, and how the materials could potentially help the requesting party's case. See id. "During this review, the trial court can evaluate whether the contested materials provide the requisite evidentiary value alleged by the requesting party, and determine whether the requested materials are substantially similar to materials already available." Id. This Court has specifically held that in most situations a desire to use the requested materials to resolve inconsistencies in other available evidence will not be sufficient to establish the requisite need. See id.
Here, Petitioner has not waived her right to assert work-product privilege, because Dr. Salazar is not listed as a witness in the pretrial stipulation. Moreover, at no point has Petitioner asserted Dr. Salazar would provide testimony in this matter. To the contrary, she has consistently averred the opposite. With the invariable persistence of a metronome, Petitioner has argued Dr. Salazar is a consulting expert hired in anticipation of litigation. Thus, barring waiver, Dr. Salazar's findings and opinions are covered by work-product immunity.
Respondent has failed to overcome the prohibition on the discovery of protected work-product, because Respondent failed to demonstrate a "need" for access to the findings and/or opinions of Dr. Salazar. The record shows Respondent possesses the findings and opinions of its own expert, Ms. Karen Meyer. Ms. Meyer performed an on-site inspection of the school building on the same day as Dr. Salazar. Therefore, Respondent has ready access to the factual information underlying Dr. Salazar's opinions, and is able of obtaining an expert opinion regarding the condition of the school without undue hardship. The most Respondent could hope to learn from review of Dr. Salazar's findings and opinions is where they differ from the findings and opinions of its own expert. As this court has previously stated, mere inconsistency is not enough to establish the requisite need.
This case does not present the unusual circumstance where discovery must be compelled "in order to reach the merits of the cause." Huet, 912 So.2d at 338. Nor can it be argued that Respondent "is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fla. R. Civ. P. 1.280(b)(3); see also Small, 861 So.2d at 1250. Consequently, Respondent is not entitled to discovery of Dr. Salazar's work-product protected findings and opinions.

THE PRIVILEGE LOG
Respondent argues Petitioner waived her right to assert work-product privilege, because she failed to file a privilege log. We reject this argument for two reasons. First, Petitioner is not asserting a document specific work-product privilege. Second, under the facts of this case, provision of a privilege log is a futile act. For these reasons, as explained more thoroughly below, Petitioner's failure to file a privilege log did not result in a waiver of her right to assert the work-product privilege.
Florida Rule of Civil Procedure 1.280(b)(5), requires submission of a privilege log regarding materials a party seeks to protect from production to enable other parties to assess the applicability of the privilege or protection. Florida courts have stated that "[a]lthough waiver of the attorney-client privilege and work-product privileges is not favored in Florida, [rule 1.280(b)(5)] is mandatory and a waiver can be found by failure to file a privilege log." Gosman v. Luzinski, 937 So.2d 293, 295 (Fla. 4th DCA 2006) (emphasis added). *1008 The justification for this holding is that "information contained in the privilege log would be necessary to assess the applicability of the privilege or protection." Id. at 296 n. 1.
Although waiver can be found by the failure to file a privilege log, the facts here do not dictate that it must be found. Waiver for failure to file a privilege log should not apply where assertion of the privilege is not document-specific, but category specific and the category itself is plainly protected. See Matlack v. Day, 907 So.2d 577 (Fla. 5th DCA 2005) (Griffin, J., specially concurring).
Here, the claimed privilege applies to all findings and opinions of an expert retained by counsel in anticipation of litigation and who is not going to testify at trial. This is clearly a categorical claim of privilege, and the category referenced is undeniably protected by work-product immunity. Petitioner has not claimed work-product privilege as to particular documents, reports, or statements of the expert. Rather, Petitioner correctly asserts all of the requested materials are work-product protected because of the very nature of the individual who prepared the findings, documents, reports, and opinions. Accordingly, Petitioner has not waived her work-product privilege by failing to file a privilege log.
The second reason Petitioner has not waived her challenge stems from the long standing principle of law recognizing that "the law does not require a futile or useless act." Howard v. State, 616 So.2d 484, 485 (Fla. 1st DCA 1993). The purpose of the rule requiring the filing of a privilege log is "to identify materials which might be subject to a privilege or work product protection so that a court can rule on the `applicability of the privilege or protection' prior to trial.'" Gen. Motors Corp. v. McGee, 837 So.2d 1010, 1033 (Fla. 4th DCA 2002).
Here, there was no need to identify specific documents, because any document or statement within the purview of the request was clearly subsumed within the categorical privilege claimed by Petitioner. Moreover, the arguments Petitioner presented in her motions for protective orders and at the corresponding hearings where sufficient to permit the JCC to rule on the applicability of the privilege. Requiring Petitioner to file a perfunctory privilege log in this case would serve no legitimate purpose, and would simply elevate form over function.
"Attorney-client privilege and work-product immunity are important protections in the adversarial legal system, and any breach of these privileges can give one party an undue advantage over the other party. Florida's courts generally recognize that an implicit waiver of an important privilege as a sanction for a discovery violation should not be favored, but resorted to only when the violation is serious." Gosman, 937 So.2d at 296.
Here, Petitioner satisfied the purpose of the rule requiring the filing of a privilege log, and Respondent does not argue Petitioner's failure to file the log was prejudicial. Consequently, Florida's disfavor of the waiver of work-product protection compels us to conclude no waiver has occurred.

CONCLUSION
The JCC's order compelling Petitioner to make Dr. Salazar available for deposition constituted a departure from the essential requirements of law. This error (the forced release of work product) would cause an injury that could not be remedied on appeal from the final order. The JCC's order is QUASHED, and the matter is *1009 REMANDED for proceedings consistent with this opinion.
DAVIS and PADOVANO, JJ., concur.
NOTES
[1] We reject without comment Respondent's claims that Petitioner waived her arguments for appeal.
[2] Dr. Salazar was hired by Petitioner through her attorneys.
[3] Rule 60Q-6.114(2)(a) of the Workers' Compensation Rules provides that depositions shall be governed in all respects by the Florida Rules of Civil Procedure. Rule 1.280(b)(4)(B) permits a party to depose an expert not listed as a witness only "upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Because Respondent did not show exceptional circumstances, the deposition was not authorized by the applicable rules. This alone constitutes a departure from the essential requirements alone.