975 So.2d 588 (2008)
Richard Lee TAYLOR, III and Lisa Marie Taylor, his wife, Petitioners,
v.
PENSKE TRUCK LEASING CORPORATION, a foreign corporation, Baron Transport, Inc., a foreign corporation, Ryder Truck Rental, Inc., a Florida corporation, and Clinton Ryan, Respondents.
No. 1D07-3150.
District Court of Appeal of Florida, First District.
February 28, 2008.
Bryan S. Gowdy and John S. Mills of Mills & Creed, P.A., Jacksonville and Christopher Shakib of Terrell Hogan Ellis Yegel Wel, P.A., Jacksonville, for Petitioners.
Dennis R. Schutt and Alison N. Emery of Schutt, Schmidt, Burnett & Noey, Jacksonville, Attorneys for Respondent, Penske Truck Leasing Corporation; and Michael S. Donsky of Birder & Donsky Law Offices, P.A., Gainesville, Attorney for Respondents, *589 Baron Transport, Inc., Ryder Truck Rental, Inc., and Clinton Ryan.
BROWNING, C.J.
Petitioner Richard Taylor was in a car accident which he cannot remember. As a result, he relied on experts to answer interrogatories about the accident, but wrote the answers in the first person. Respondents did not know the answers came from experts until Taylor's deposition, wherein it came to light he could not remember the accident. Respondents then moved to dismiss the case for fraud, and moved for sanctions. In opposition to these motions, Petitioners asserted the work-product privilege. A hearing on the matter comprised legal argument, but no evidence.
The lower court denied the motions to dismiss, but, without ruling on the motions for sanctions, found Respondents had shown exceptional circumstances warranting disclosure of the expert opinions and factual bases for the answers to interrogatories. The judge instructed Petitioners to "reveal the names and opinions and bases of those opinions of their experts which they relied upon to answer" interrogatories 7, 8, 10, 26, and 27. We grant certiorari relief from this order.
The lower court has departed from the essential requirements of law by finding exceptional circumstances exist without having heard any evidence from Respondents as to the need for the information or any undue hardship Respondents might face in collecting the information independently. See Nevin v. Palm Beach County Sch. Bd., 958 So.2d 1003 (Fla. 1st DCA 2007); Metric Eng'g, Inc. v. Small, 861 So.2d 1248 (Fla. 1st DCA 2003); Procter & Gamble Co. v. Swilley, 462 So.2d 1188 (Fla. 1st DCA 1985). This order will likely cause irreparable harm to Petitioners, as once the information is released, it cannot be retracted. See Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla.1995); Huet v. Tromp, 912 So.2d 336 (Fla. 5th DCA 2005).
For these reasons, we GRANT the certiorari petition, QUASH the lower court's order insofar as it compels the disclosure of the names and opinions of Petitioners' non-testifying experts and the bases of those opinions, and REMAND for the lower court to receive evidence on Respondents' need for the materials and undue hardship as to collecting the information independently.
KAHN and ROBERTS, JJ., concur.