PER CURIAM.
In this residential mortgage foreclosure action, Petitioner seeks review of an order finding that it waived the right to raise work product and attorney client privilege objections to a discovery request because it failed to file a privilege log. We grant the petition.
To support its position, Petitioner makes three arguments. First, it contends that the failure to file a privilege log did not justify finding a waiver because some of the objections were category-based. Second, it claims that a privilege log was not due for several of the items, because the court had not yet ruled on other grounds for objection that were simultaneously raised along with the work product or attorney client privilege. Finally, Petitioner argues that the court could not implicitly waive the privilege as a sanction for a serious discovery violation. Respondent argues that the court properly found a waiver because the crime-fraud exception applied. We agree with Petitioner that this argument has no merit because it does not appear that the trial court relied on this exception in rendering its decision. We do, however, find that Petitioner’s first two arguments have merit.
A trial court has discretion to find a waiver of privilege from the failure to file a privilege log. See Century Business Credit Corp. v. Fitness Innovations & Tech., Inc., 906 So.2d 1156 (Fla. 4th DCA 2005). However, the failure to file a log should not be applied to categorical assertions of privilege. See Nevin v. Palm Beach Co. Sch. Bd., 958 So.2d 1003, 1008 (Fla. 1st DCA 2007). Here, some of the requests appear to include items which would be categorically protected by the work product privilege, specifically, Items 13, 15, 16, 18, 19, and 20. These items seek the disclosure of materials from counsel which were made in the course of litigation or that patently reflect the attorney’s mental impressions. See Grinnell Corp. v. Palms 2100 Ocean Blvd., Ltd., 924 So.2d 887 (Fla. 4th DCA 2006). Florida disfavors the waiver of work-product protections. See Nevin, 958 So.2d at 1008. Thus, as to these items, we find that the *646 trial court’s finding of a waiver was a departure from the essential requirements of the law.
To the extent that Petitioner claims that it had no obligation to file a privilege log on claims which included non-privilege objections, we agree. See Gosman v. Luzinski, 937 So.2d 293 (Fla. 4th DCA 2006) (holding that the time for filing a privilege log was tolled until the court had ruled on the party’s objections that the discovery requests were burdensome); Morton Plant Hosp. Ass’n. v. Shahbas ex rel. Shahbas, 960 So.2d 820 (Fla. 2d DCA 2007) (noting that until a trial court rules on a party’s other objections to discovery the party asserting the privilege need not file a privilege log). Here, Petitioner raised privilege and non-privilege objections as to Items 10, 13, 15, 16, 19, 20, 28, and 33. The court deferred ruling as to the non-privilege objections. Thus, Petitioner did not have a duty to file a privilege log for those items on which other objections were raised until the court had determined that those items were otherwise discoverable. Accordingly, Petitioner did not waive its right to assert privilege on the items described by failing to file a privilege log, because the time for filing the log was tolled until the court ruled on the other objections.
Finally, we agree that under the facts and circumstances of this case the court could not find a waiver as a sanction for a discovery violation. Although the objections were raised four months after the request was due, Respondent never moved to compel, nor did it request a privilege log. Cf. Kaye Scholer LLP v. Zalis, 878 So.2d 447 (Fla. 3d DCA 2004); see also Bankers Sec. Ins. Co. v. Symons, 889 So.2d 93 (Fla. 5th DCA 2004). In any event, it does not appear that the trial court found the waiver as a sanction; rather, its decision was based solely on the fact that Petitioner did not file a privilege log.
For these reasons, we find that the trial court departed from the essential requirements of the law by finding that Petitioner’s failure to file a privilege log constituted a waiver of privilege as to Items 10, 13, 15, 16, 18, 19, and 20, 28, and 33. See Nevin, 958 So.2d at 1008; Gasman, 937 So.2d at 296. We therefore grant the petition for certiorari as to the items challenged in the petition. The trial court should allow Petitioner to file a privilege log within a reasonable time after it rules on the non-privilege objections, so that an in camera inspection may be conducted.

Petition Granted.

POLEN, TAYLOR and LEVINE, JJ., concur.