# Third District Court of Appeal

## State of Florida

Opinion filed July 5, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-560
Lower Tribunal No. 12-882
_____

**GKK, etc.,**
Petitioner,

vs.

**Petronila Cruz,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

Mitrani, Rynor, Adamsky & Toland, P.A., and Loren H. Cohen, Steven R. Adamsky, Eric Sage, and Adam Schlossberg (Weston), for petitioner.

Goldman & Hellman, and Gary M. Hellman (Fort Lauderdale), for respondent.

Before SALTER, EMAS and LOGUE, JJ.

EMAS, J.

GKK, a Partnership, defendant below, seeks a writ of certiorari quashing an order denying GKK's motion for protective order and objections to the scope of a subpoena deuces tecum served by Petronila Cruz, plaintiff below, upon Mitchell Adelman ("Adelman"), an investigator hired by GKK to investigate a slip and fall accident in which Cruz was allegedly injured.

The subpoena duces tecum enumerated seven separate categories of items that Adelman was instructed to bring with him to his deposition.

GKK filed an objection to the subpoena duces tecum and moved for a protective order, asserting, *inter alia*, that the items listed in paragraphs One, Two, Three, Six and Seven sought items protected by the work-product or attorney-client privilege.[1] GKK did not file a privilege log for any of these listed items, as required by Florida Rule of Civil Procedure 1.280(b)(5).[2]

The trial court overruled GKK's objections and denied the motion for protective order. This petition followed.

---

[1] GKK did not seek a protective order for the items listed in paragraphs Four and Five of the subpoena duces tecum and those items are not a part of this petition.

[2] That rule provides:

> When a party withholds information otherwise discoverable under these rules by claiming that is it privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

We grant the petition as it relates to paragraphs One, Six and Seven. While it is true that, as a general rule, a party failing to file a privilege log may be deemed to waive these privileges, see Kaye Scholer LLP v. Zalis, 878 So. 2d 447, 449 (Fla. 3d DCA 2004), that general rule is subject to an exception: The finding of a waiver "should not apply where assertion of the privilege is not document-specific, but category specific and the category itself is plainly protected." Nevin v. Palm Beach Cty. Sch. Bd., 958 So. 2d 1003, 1008 (Fla. 1st DCA 2007). In the instant case, the privilege raised as to paragraphs One, Six and Seven are categorical assertions of privilege, and we conclude that the items sought in these paragraphs are plainly protected.[3] Therefore, the failure to file a privilege log did not waive

---

[3] "Under the work product doctrine, documents prepared by or on behalf of a party in anticipation of litigation are not discoverable." Marshalls of MA, Inc. v. Minsal, 932 So. 2d 444, 446 (Fla. 3d DCA 2006). "If materials are prepared solely for a purpose other than litigation, they are not protected by the work product privilege. If they were prepared in anticipation of litigation, they will not lose their protected status, even if they were also generated for another purpose." Id. Documents are prepared in "anticipation of litigation" for purposes of the work product doctrine if they were "prepared in response to some event which foreseeably could be made the basis of a claim in the future." Id. at 447. See Seaboard Air Line R. Co. v. Timmons, 61 So. 2d 426, 427-28 (Fla. 1952) (holding that "a party is not entitled…to inspect the statements, memoranda, and other documents constituting the 'work product' of the opposing party as to the matter which is the subject of the litigation" and that examples of such work product include: "(1) written statements of witnesses relating to the occasion on which the injury occurred; (2) statements or reports from agents, officers or employees of the defendant company relating to the accident; and (3) records, investigation sheets, memoranda, and photographs, relating to the accident, including any and all information…received by the defendant's attorneys from investigators and adjusters."); Federal Ins. Co. v. Hall, 708 So. 2d 976 (Fla. 3d DCA 1998) (holding that an insurance adjuster's notes are protected work product and compelling their production departs from the essential

3

the privilege as to these categories of items sought.  <u>Nevin</u>, 958 So. 2d at 1008;

<u>DLJ Mortg. Capital, Inc. v. Fox</u>, 112 So. 3d 644 (Fla. 4th DCA 2013).

However, the same cannot be said as to the items or categories of items sought in paragraphs Two and Three.  While some of the items sought may be subject to a privilege, others are not (at least on their face) subject to any privilege, as even petitioner's counsel commendably conceded in oral argument.  The failure to file a privilege log waived the assertion of a privilege, and thus we deny the petition as to the items sought in these two paragraphs.

We grant the petition in part, deny the petition in part, withhold formal issuance of the writ, and remand to the trial court for further proceedings consistent with this opinion.

---

requirements of law); <u>Goldstein v. Great Atlantic & Pacific Tea Co.</u>, 118 So. 2d 253, 255 (Fla. 3d DCA 1960) (holding: "Communications, memoranda, and reports passing between the client and his attorneys and his or their employed investigators, relating to the accident, the investigation thereof, and the preparation for the trial…are not available to the opposing party on discovery.")  <u>See also</u> Fla. R. Civ. P. 1.280(b)(4), (providing that "a party may obtain discovery of documents and tangible things otherwise discoverable . . . and prepared in anticipation of litigation" by that party's attorney or insurer "only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means.")