# Third District Court of Appeal

## State of Florida

Opinion filed February 6, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-2253
Lower Tribunal No. 16-24753
_____


**Dade Truss Co. Inc. and Simon Sookdeo,**
Petitioners,

vs.

**Russell Beaty and Wolfram Strauss,**
Respondents.


On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Michael A. Hanzman, Judge.

Vernis & Bowling of Miami, P.A. and Andrew W. Bray and Justin D. Siegwald, for petitioners.

Schlesinger Law Offices, P.A. and Zane Berg and Cristina Sabbagh (Fort Lauderdale), for respondents.


Before SALTER, SCALES, and MILLER, JJ.

MILLER, J.

Petitioners, Dade Truss Co., Inc. and Simon Sookdeo, seek certiorari review of three lower court orders overruling objections to the discovery of materials relating to a disclosed witness. We conclude that the trial court did not depart from the essential requirements of law in overruling preliminary discovery objections and deny certiorari relief with regard to documents claimed to be protected from disclosure by the work-product privilege, as respondents failed to properly preserve objections to certain documents and the trial court has not yet been presented with a privilege log.

### FACTUAL BACKGROUND AND TRIAL COURT PROCEEDINGS

On July 26, 2016, respondents, Russell Beaty and Wolfram Strauss, were involved in an automobile accident with Sookdeo. At the time of the accident, Sookdeo was driving a tractor trailer owned by his employer, Dade Truss Co., Inc. The tractor trailer collided with respondents' vehicle, resulting in claimed personal injuries. Respondents filed suit on September 22, 2016. Thereafter, the parties engaged in discovery.

On August 10, 2018, pursuant to a pre-trial order directing witness disclosure and imposing discovery deadlines, petitioners listed private investigator Gary Boggs as a fact witness. On August 27, 2018, respondents issued a notice of subpoena duces tecum for Boggs to appear for deposition. The subpoena duces tecum required Boggs to bring the following items to the deposition:

2

1. **<u>A full and complete copy of your entire original file</u>**, regarding **RUSSELL BEATY and WO[L]FRAM STRAUSS**.
2. **<u>Full and complete unedited original version</u>** of any and all video, audio, films, photographs, CD's, DVD's, written reports, notes, charts, diagrams, logs, memoranda, bills, invoices, and any other materials utilized in the  pre-surveillance and surveillance obtained in this action.
3. Any and all printouts of information regarding, **RUSSELL BEATY and WO[L]FRAM STRAUSS**, maintained on a computer or saved on computer disks, including, but not limited to, motor vehicle searches, public records searches, corporate searches, information provided by Dade Truss Co., Inc. and/or VERNIS AND BOWLING OF MIAMI, P.A. regarding Russell and Wo[l]fram's address, case information, condition, appointments, etc., e-mails, and correspondence, to and from defense attorneys, or other investigators, billing records, reports, updated provided to Dade Truss Co., Inc. and/or VERNIS & BOWLING OF MIAMI, P.A. regarding the ongoing surveillance of Russell Beaty and Wo[l]fram Strauss, authorizations for additional surveillance, notes and any other information relating to surveillance obtained in this action.

No objection was filed and Boggs duly appeared for deposition on September 19, 2018.  Although no deposition transcript has been filed with this court, the parties agree that Boggs testified he was hired to "make personal observations of traffic" at the accident site.  Boggs provided testimony regarding his opinions and observations, but at the conclusion of the deposition, Boggs and respondents' counsel indicated that further opinions would be forthcoming.  Thus, the deposition was adjourned, to reconvene at a later date.

Later the same day, respondents issued a notice of non-party production, directed at G. Boggs, Inc., a second request for production directed at Sookdeo, and a fourth request for production directed at Dade Truss.  All of the discovery requests

sought production of documents relating to the opinions, observations, credentials, experience, and writings of Boggs. On September 21, 2018, petitioners filed a non-specified objection to the notice of non-party production.

On October 9, 2018, the trial court convened a hearing on a motion to overrule petitioners' objection to non-party production. At the hearing, petitioners asserted work-product privilege and stated that they had removed Boggs from their witness list. When pressed by the trial court as to whether their intention was to permanently withdraw him from the witness list, counsel equivocated. Noting that the case was over two years old, the trial court overruled the objection and authorized the issuance of a subpoena to G. Boggs, Inc. for various materials.

On October 11, 2018, petitioners filed objections to the second and fourth requests for production. Individualized objections on non-privilege grounds were articulated for all items sought by respondents. Additionally, petitioners raised work product objections in response to six out of the twenty production requests. Petitioners did not file a privilege log identifying the documents they claimed to be privileged. On October 23, 2018, the trial court conducted an additional hearing. At the hearing, the court overruled objections and required document production within ten days. This certiorari petition followed.

## LEGAL ANALYSIS

"Certiorari is an extraordinary remedy that is available only in limited circumstances." Charles v. State, 193 So. 3d 31, 32 (Fla. 3d DCA 2016). Certiorari

4

review is warranted when a non-final order (1) cannot be remedied on postjudgment appeal, (2) results in material injury for the remainder of the case, and (3) departs from the essential requirements of law. Fernandez-Andrew v. Florida Peninsula Ins. Co., 208 So. 3d 835, 837 (Fla. 3d DCA 2017), citing Bd. of Trs. of Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC, 99 So. 3d 450, 454–55 (Fla. 2012); Coral Gables Chiropractic PLLC v. United Auto. Ins. Co., 199 So. 3d 292, 293 (Fla. 3d DCA 2016); Sea Coast Fire, Inc. v. Triangle Fire, Inc., 170 So. 3d 804, 807 (Fla. 3d DCA 2014). The first two prongs of the analysis are jurisdictional. Chessler v. All American Semiconductor, Inc., 225 So. 3d 849, 852 (Fla. 3d DCA 2016) ("The traditional manner of stating the test for certiorari of a non-final order is somewhat misleading because it places the substantive issue before the jurisdictional issue."), citing Parkway Bank v. Fort Myers Armature Works, Inc., 658 So. 2d 646, 649 (Fla. 2d DCA 1995) ("[A] petitioner must establish that an interlocutory order creates material harm irreparable by postjudgment appeal before the court has the power to determine whether the order departs from the essential requirements of the law.").

As "[o]rders granting discovery, including discovery of work product materials, are amenable to certiorari review because appeal after a final judgment in a case where discovery was improperly granted seldom provides adequate redress," the orders under review reflect a potential for the infliction of irreparable injury that cannot be remedied upon postjudgment appeal. McGarrah v. Bayfront Med. Ctr.,

5

Inc., 889 So. 2d 923, 925 (Fla. 2d DCA 2004), citing Allstate Ins. Co. v. Langston, 655 So. 2d 91, 94 (Fla. 1995) and Martin-Johnson, Inc. v. Savage, 509 So. 2d 1097, 1099 (Fla. 1987).  Moreover, in the event any of the discovery orders improperly compel the disclosure of documents protected by work-product privilege, respondents would have the potential to gain a tactical or strategic advantage in litigation that could indeed vitiate the fairness of the proceedings. Thus, we have jurisdiction to consider whether the discovery orders depart from the essential requirements of law.

Petitioners contend that Boggs is a retained, nontestifying witness, hence we should rely upon Florida Rule of Civil Procedure 1.280 in reaching our decision. Rule 1.280 provides that:

> A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in rule 1.360(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

Fla. R. Civ. P. 1.280(b)(5)(B). Under the rule, if an expert witness is withdrawn, exceptional circumstances must be demonstrated to obtain discovery relating to the facts known to or opinions held by the expert.  See e.g., Bailey v. Miami-Dade Cty., 186 So. 3d 1044 (Fla. 3d DCA 2015) (holding that the trial court's act of allowing the deposition of estate's retained, non-testifying expert by the opposing party

6

constituted a departure from the essential requirements of law); <u>Nevin v. Palm Beach Cty. Sch. Bd.</u>, 958 So. 2d 1003 (Fla. 1st DCA 2007) (holding that the findings and opinions of a non-witness expert were protected from discovery under the work-product privilege); <u>Huet v. Tromp</u>, 912 So. 2d 336, 338 (Fla. 5th DCA 2005) ("An investigator employed by a party may not be required to produce the work-product of his or her investigations, except in unusual circumstances constituting compelling necessity for the discovery in order to reach the merits of the cause.").

In the instant case, respondents do not contend they have demonstrated exceptional circumstances. Instead, they assert that by presenting Boggs, along with his entire file, for deposition, petitioners waived any work-product privilege. Respondents further argue waiver through failure to file a privilege log. Finally, they correctly note that petitioners did not claim work-product with regard to much of the discovery ordered to be produced by the lower court, thus, again, waiving claims of work-product.

Respondents rely heavily upon the Supreme Court decision in <u>United States v. Nobles</u>, 422 U.S. 225, 239, 95 S. Ct. 2160, 45 L. Ed. 2d 141 (1975), for the authority that the presentation of a witness for testimony vitiates any claim of privilege. "What constitutes a waiver with respect to work-product materials depends, of course, upon the circumstances." <u>Id</u>. at n.14. In <u>Nobles</u>, the defendant hired a private investigator whom he called to testify at trial. The court found a waiver of privilege, effectuated by the presentation of the investigator as a witness.

7

Specifically, the court stated "[r]espondent, by electing to present the investigator as a witness, waived the privilege with respect to matters covered in his testimony." Nobles, 422 U.S. at 239, 95 S. Ct. at 2170-171.

Here, the deposition transcript has not been filed in the appellate record. Thus, our knowledge regarding the content of the deposition is scant, gleaned solely through proffers contained within the lower court hearing transcripts, and we cannot determine under Nobles whether the documents claimed as privileged relate to "matters covered in [Boggs's] testimony."

Respondents assert that petitioners waived any claimed privilege by failing to file a privilege log. Florida Rule of Civil Procedure 1.280(b)(6) requires the creation of a privilege log in conjunction with materials sought to be shielded from production:

> *Claims of Privilege or Protection of Trial Preparation Materials.* When a party withholds information *otherwise discoverable* under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

(emphasis supplied). The Fourth District Court of Appeal explicated upon this nuance of timing in Gosman v. Luzinski, 937 So. 2d 293, 296 (Fla. 4th DCA 2006):

> Before a written objection to a request for production of documents is ruled upon, the documents are not "otherwise discoverable" and thus

8

the obligation to file a privilege log does not arise. Once the objection is ruled upon and the court determines what information is "otherwise discoverable," then the party must file a privilege log reciting which documents are privileged. If it is not done in that order, then the party faced with an unduly burdensome document request still has to obtain and review all the documents to determine which are privileged, even though the court may later limit the scope of the request if it was unduly burdensome.

In the instant case, petitioners only objected on privilege grounds to party production requests 2, 5, and 10. C.f. Nevin v. Palm Beach Cty. Sch. Bd., 958 So. 2d 1003 (Fla. 1st DCA 2007) (refusing to apply waiver of work-product privilege for failure to file a privilege log where an assertion of privilege is category-specific). We conclude that, as it was not asserted below, work-product privilege has not been properly preserved as to party production requests 1, 3, 4, 6, 7, 8, and 9. See Dade Cty. Sch. Bd. v. Soler, 534 So. 2d 884, 885 (Fla. 3d DCA 1988) ("DCSB did not object to production of the incident report on the ground of privilege; instead, it objected on the ground that the request was 'overly broad, general, vague and ambiguous.' Thus, the issue of work product privilege was not properly preserved for review.").

We turn our analysis to the remaining party production requests. As petitioners raised multiple objections to party production requests 2, 5, and 10, including privilege, the materials sought in these requests were not deemed "otherwise discoverable" until the lower court overruled the asserted non-privilege objections. Thus, under the plain language of rule 1.280(b)(6), the obligation to file

a privilege log did not accrue until the trial court overruled the objections. See Columbia Hosp. Corp. of South Broward v. Fain, 16 So. 3d 236, 240 (Fla. 4th DCA 2009) ("[A] party need not file a privilege log until the trial court has decided as a preliminary matter whether the materials sought are "otherwise discoverable.").

As petitioners have yet to file a privilege log, the claim of work-product protection as to these three properly preserved production requests is not yet "mature" for review. See Allstate Indem. Co. v. Oser, 893 So. 2d 675 (Fla. 1st DCA 2005) (finding that a claim of privilege was not mature until the appellant filed privilege log); Gosman, 937 So. 2d at 296 n.1 ("Obviously, if the sole objection to discovery were that it sought privileged documents, then compliance with Rule 1.280(b)[(6)] would be required prior to any hearing on the objection as the information contained in the privilege log would be necessary to 'assess the applicability of the privilege or protection.'").

Finally, with regard to the non-party production request, although a non-party cannot be compelled to file a privilege log, nothing in the trial court's order prevents G. Boggs, Inc. or counsel from segregating documents claimed to be privileged and requesting an evidentiary hearing on that issue. Lyons v. Lyons, 162 So.3d 212, 215-16 (Fla. 4th DCA 2015). Petitioners responded to the non-party production request with a generic written objection, articulating no grounds for relief. Although at the relevant hearing on the respondents' motion to overrule the objection, petitioners orally raised the work-product privilege, the subpoena issued in

10

conjunction with the non-party production notice has not been filed in the appellate record. Without the ability to review the subpoena for non-party production and the relevant deposition testimony, we conclude that the record is deficient to demonstrate a departure from the essential requirements of law. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal.").

Based on the record before us, we "treat the circuit court's order as a preliminary ruling that the information is discoverable," noting that privileges claimed with regard to specific documents must be affirmatively asserted through the filing of a privilege log, or the segregation of documents claimed to be privileged by the non-party for further consideration by the trial court. Tedrow v. Cannon, 186 So. 3d 43, 49 (Fla. 2d DCA 2016); see also Morton Plant Hosp. Ass'n v. Shahbas, 960 So. 2d 820 (Fla. 2d DCA 2007) (declining to address the work-product privilege prior to the filing of a privilege log, and holding the party could file a privilege log after the information was ruled otherwise discoverable).

For the foregoing reasons, the trial court's orders overruling objections and compelling discovery do not depart from the essential requirements of law and we deny the petition for writ of certiorari.

Certiorari denied.