DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EYEC TRUCKING, LLC.,** a Florida Corporation, and **FRANCIS WARREN ROBERTS, II,** an individual,
Petitioners,

v.

**MARIA SANTOS,** as Personal Representative of the Estate of **HECTOR G. GAMEZ-CARDENAS,**
Respondent.

No. 4D15-892

[June 17, 2015]

Petition for writ of certiorari to the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case No. 312014CA000514.

Neal J. Gambler, II, E.T. Fernandez, III and Sorena S. Fallin of Fernandez Trial Lawyers, P.A., Jacksonville, for petitioners.

Julie H. Littky-Rubin of Clark, Fountain, La Vista, Prather, Keen & Littky-Rubin, LLP, West Palm Beach, for respondent.

PER CURIAM.

The petition for writ of certiorari is granted. *See Gosman v. Luzinski*, 937 So. 2d 293, 296 (Fla. 4th DCA 2006) ("Before a written objection to a request for production of documents is ruled upon, the documents are not 'otherwise discoverable' and thus the obligation to file a privilege log does not arise. Once the objection is ruled upon and the court determines what information is 'otherwise discoverable,' then the party must file a privilege log reciting which documents are privileged. If it is not done in that order, then the party faced with an unduly burdensome document request still has to obtain and review all the documents to determine which are privileged, even though the court may later limit the scope of the request if it was unduly burdensome."); *see also DLJ Mortg. Capital, Inc. v. Fox*, 112 So. 3d 644, 646 (Fla. 4th DCA 2013). The order requiring the preparation of a privilege log is quashed with respect to Requests for Production Nos. three and four. The trial court is directed to rule on the objections prior to requiring the filing of the privilege log.

WARNER, STEVENSON and FORST, JJ., concur.

*      *      *

***Not final until disposition of timely filed motion for rehearing.***